NORMAN W. BRAUN, Appellant, *v.* EDNA C. BRAUN, Respondent.

Fourth Department, June 26, 1935.

*Guy B. Moore*, for the appellant.

*Matthew Weimar* [*Harold Brock* with him on the brief], for the respondent.

CROSBY, J.  Plaintiff sued for an absolute divorce, and defendant counterclaimed for the same relief.  Issues were framed for a jury trial.  These issues related to six alleged offenses on the part of the defendant and to forty-two alleged offenses on the part of the plaintiff.  At the end of the trial all of the issues were stipulated out of the case excepting two which were sent to the jury.  One related to an alleged adultery committed by plaintiff " with a woman whose name is unknown, on the 17th day of August, 1932, between the hours of 9 o'clock P. M. and 4 o'clock A. M. the following day, in room No. 412, at the Worth Hotel, Buffalo, New York."  The other related to an alleged adultery committed by defendant " on the 4th day of December, 1933, between the hours of 10 o'clock P. M. and 11:30 o'clock P. M. * * * with a man known as Herman G. Muelke, in an automobile parked on the street in the vicinity of 83 Dupont Avenue, Buffalo, New York."

The jury found that plaintiff did commit the offense charged to him, and that defendant was innocent of the offense charged to her.

Thereafter a trial was had at Special Term to try an issue raised by the plaintiff's claim that on the 17th day of August, 1932, he registered at the Worth Hotel in the name of " N. W. Brown and wife, Cleveland, Ohio," pursuant to an agreement with defendant that he would furnish the evidence upon which she could procure a collusive and fraudulent divorce, and that he had no woman with him at the hotel, but rather two men who were friends of the parties.

At the jury trial the plaintiff took the witness stand to make the formal proof as to marriage, issue of the marriage, and lack of consent, connivance, privity or procurement.  On cross-examination defendant made the plaintiff her own witness and showed him the page on which he registered his name, incorrectly spelled, in the manner above set forth.  The only proof in the case tending to prove the charge made against plaintiff is found in the following questions and answers: " Q. Is that your signature?  A. It is.  Q. You wrote what is on that line?  A. I did."

The register sheet was offered and received in evidence.

Later on, and when the trial was had, in Special Term, on the issue of collusion, plaintiff was allowed to testify fully concerning

his claim that his registering at the hotel, as he did, was part of a collusive scheme entered into between him and defendant to enable her to obtain a divorce. And the Special Term found against the claim of plaintiff in that regard. The denial of defendant was sufficient to justify the Special Term in finding an absence of collusion.

But what about the evidence, above quoted, being sufficient to justify a jury in finding plaintiff guilty of the offense charged? Direct evidence is seldom obtainable in divorce cases. Circumstantial evidence is sufficient if the circumstances point clearly to guilt. (*Pollock* v. *Pollock*, 71 N. Y. 137, 141.)

Late in the jury trial plaintiff again took the witness stand to explain the circumstances of his registering at the Worth Hotel as he did. Upon objection being made the court said: " We do not want any conversations with the defendant." Plaintiff was thus precluded from telling of the collusive agreement, but his counsel took no exception to the ruling. Moreover, plaintiff's trial counsel made no motion for nonsuit or for a directed verdict of no cause as to the charge against plaintiff. Ordinarily a failure to make such a motion is deemed to amount to a concession that there is a question of fact for a jury's determination. Possibly the point, that there was insufficient evidence of plaintiff's adultery to warrant sending the question to the jury, was saved to plaintiff by an exception taken during the trial. Plaintiff's counsel stated: " I move that all the evidence be stricken out, stricken from the record as incompetent, immaterial and irrelevant to the issue of whether or not on the dates charged in the defendant's counterclaim in the issues set forth as to whether or not adultery had been committed." It is difficult to tell what that sentence means, but I am assuming that it embodies a claim that there was not sufficient proof of plaintiff's adultery to take the issue to the jury. And I am assuming that when the court answered, " Objection overruled," the court meant, " Motion denied."

Whether or not, upon this appeal, there is open to plaintiff the legal question of the sufficiency of the evidence to make a question of fact as to plaintiff's adultery, I think the verdict on that issue is against the weight of the evidence. Defendant made no attempt to prove by the hotel clerk, or by any one else, that plaintiff had a woman with him at the hotel; the direct evidence, not only of plaintiff himself but of the witness Ertz, is to the effect that he did not. The evidence of plaintiff's guilt is not so clear and convincing as to relieve one's mind from doubt. (*Nottingham* v. *Nottingham*, 209 App. Div. 459.)

A new trial should be had upon the issue of plaintiff's guilt of adultery.

Coming now to a consideration of the judgment in so far as it denies plaintiff a decree of divorce from the defendant. There was a sharply litigated question of fact as to defendant's guilt. The verdict of the jury was warranted. The only serious question arises by reason of the court's charge " that the evidence of a private detective must be corroborated." The plaintiff's trial counsel failed to take an exception to that charge. He did, however, make the following request: " I ask your Honor to charge the jury that the testimony of the private detective is to have the same consideration as that of any other witnesses if nothing appears to impeach his credit." The court's ruling was: " I refuse to so charge, unless the private detective is corroborated by a witness of facts or circumstances; then I charge you gentlemen that you shall disregard his testimony."

A dictum found in the opinion in the case of *Moller* v. *Moller* (115 N. Y. 466) would seem to justify the foregoing charge of the court. But in later cases in the Court of Appeals it is pointed out that the rule laid down in *Moller* v. *Moller* is too broadly stated, or at least that it was " ' not a rule of evidence, but one for the guidance of the judicial conscience.' " (See *Yates* v. *Yates*, 211 N. Y. 163, 171, and cases therein cited.)

And this dictum is found in the opinion in *McKeon* v. *Van Slyck* (223 N. Y. 392, at p. 398): " In like manner, we have sometimes said that divorces ought not to be granted on the uncorroborated evidence of private detectives (*Moller* v. *Moller*, 115 N. Y. 466), but when a trial judge put before a jury as a rule of law this caution designed to guide the judicial conscience, we pronounced the ruling error. (*Yates* v. *Yates*, 211 N. Y. 163.) "

We think the trial court, in the instant case, stated the private detective rule too strongly, and that he should have charged the jury to consider the evidence of the private detectives for what it was worth, considered in the light of the fact that they were mercenaries whose success and reward depend upon producing evidence favorable to the one who hired them.

The judgment and order should be reversed on the law and the facts and a new trial ordered on both issues, without costs.

All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

Interlocutory judgment and order reversed on the law and facts and a new trial granted, without costs. Third finding of fact disapproved and reversed.