■ CLARENCE M. GEORGE, III, Respondent, v. JACQUELINE E. GEORGE, Appellant.— Judgment unanimously affirmed, without costs. Memorandum: The proof before the trial court amply supports granting plaintiff a decree of divorce. The ground for the decree was properly determined to be defendant's cruel and inhuman treatment of the plaintiff. Although the trial court made no finding on the issue of abandonment, it was raised by the pleadings and was proved by the unexplained, willful and continued withdrawal from cohabitation by defendant despite the repeated requests for its resumption by plaintiff. Abandonment is, therefore, an additional reason for granting the decree (*Diemer* v. *Diemer*, 8 N Y 2d 206; *Mirizio* v. *Mirizio*, 242 N. Y. 74; *Matter of La Penna*, 16 A D 2d 655). The court erred, however, in finding that defendant committed adultery. There was substantial uncontradicted evidence that a male friend visited defendant wife on various occasions while plaintiff was absent from the home. This was the only testimony submitted to prove adultery. The evidence of these visits was sufficient to prove opportunity. However, adultery must be based upon clear and convincing proof of inclination and intent, as well as opportunity (*Bosch* v. *Bosch*, 275 App. Div. 1046; *Braun* v. *Braun*, 245 App. Div. 194). While the visits may be considered as further proof of cruel and inhuman treatment, standing alone as they do, they are insufficient to support a finding of adulterous conduct. Defendant's contention that the trial court's decision is insufficient in that it fails to set forth the facts upon which the court based its decision is without merit. CPLR 4213 (subd. [b]) provides that a court's decision may be oral or in writing "and shall state the facts it deems essential". The parties waived the filing of requested findings of fact, but such a stipulation does not dispense with the requirement that the decision must contain the essential facts upon which the judgment is found. (See *Conklin* v. *State*, 22 A D 2d 481; *Sager* v. *Sager*, 21 A D 2d 183.) The statute requires only that the ultimate or essential facts

on which the decision is based be set forth. (See *Metropolitan Life Ins. Co. v. Union Trust Co.*, 268 App. Div. 474, 479, affd. 294 N. Y. 254; *Ryan & Son v. Lancaster Homes*, 22 A D 2d 186, 192.) There was no need for the court to state the evidentiary facts contained in the record. (Appeal from judgment of Erie Trial Term, in divorce action.) Present — Goldman, P. J., Witmer, Gabrielli, Bastow and Henry, JJ.