■ ASTLEY SINCLAIR, Appellant, v IVY SINCLAIR, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Spodek, J.), entered July 16, 1986, as directed (1) that he pay the defendant wife the sum of $50 per week for child support for each child of the marriage as well as two thirds of each child's college tuition and boarding expenses until each child reaches the age of majority or is sooner emancipated, (2) that he pay to the defendant the sum of $120 per week for maintenance for a period of 10 years or until her remarriage, whichever is earlier, (3) that the defendant receive from the plaintiff, as he receives it, such portion of his supplemental pension as constitutes one half of a fraction, the numerator of which is the number of months during which the parties were married and the plaintiff was employed by his current employer, and the denominator of which is the total number of months of said employment, and (4) that the plaintiff pay to the defendant's attorney the sum of $4,000 as counsel fees reasonably incurred in the defense of this action.

Ordered that the judgment is modified, on the law, by deleting all of the ninth decretal paragraph thereof except the provision directing that the defendant shall not receive any portion of the plaintiff's railroad pension, and substituting therefor a provision that the plaintiff shall pay to the defendant, as he receives it, such portion of his supplemental pension, minus taxes, as constitutes one half of a fraction, the

numerator of which is the number of months prior to the commencement of this action during which the parties were married and the plaintiff was employed by his current employer, and the denominator of which is the number of months of said employment; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

We find that the court erred in determining the defendant's distributive share of the plaintiff's supplemental pension. Although pension benefits belonging to either spouse attributable to employment during the marriage are properly considered marital property subject to equitable distribution, the marital property consists exclusively of that portion of the benefits which has accrued during the marriage and prior to the commencement of the divorce action (see, Domestic Relations Law § 236 [B] [1] [c]; Majauskas v Majauskas, 61 NY2d 481, 485-486; Damiano v Damiano, 94 AD2d 132, 139). The defendant is entitled to an equitable share only of so much of the subject benefits as constitutes marital property. The court also failed to take into account the plaintiff's tax liability with respect to the receipt of pension benefits (see, Majauskas v Majauskas, supra; Tereszkiewicz v Tereszkiewicz, 128 AD2d 605, 606). Accordingly, we modify the judgment, taking these factors into consideration.

The plaintiff's remaining contentions pertaining to the awards of maintenance, counsel fees, and child support are without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.