■ FRANK CAPRISE, Respondent, v ANGELA CAPRISE, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, (1) as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Saladino, J.), entered November 19, 1986, as, after a nonjury trial, (a) granted a divorce in favor of the plaintiff husband, (b) ordered the sale of the marital premises, and (c) limited the

award of maintenance to the sum of $600 per week for a period of six years, and (2) from an order of the same court dated November 18, 1986, which denied her application for counsel fees.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, (1) by deleting the first decretal paragraph thereof, and substituting therefor a provision dismissing the cause of action for a divorce, (2) by adding to the fourth decretal paragraph thereof a provision directing the plaintiff husband to continue to make maintenance payments in the sum of $300 per week until the death of either party, after his obligation to make maintenance payments in the sum of $600 per week shall have expired, and (3) by deleting so much of the sixth decretal paragraph thereof as directs the sale of the marital premises; as so modified, the judgment is affirmed insofar as appealed from, and it is further,

Ordered that the order is reversed, on the law and on the facts, and the defendant's application for counsel fees including disbursements is granted to the extent that the plaintiff is directed to pay the sum of $6,000 to the attorney for the defendant; and it is further,

Ordered that the defendant is awarded one bill of costs.

The parties were married in 1964. The Supreme Court, after a nonjury trial, issued a judgment which, *inter alia,* dissolved the parties' marriage based upon the husband's claim that he had been constructively abandoned by the wife *(see,* Domestic Relations Law § 170 [2]). After reviewing the record of the trial, however, we conclude that the weight of the evidence does not support the plaintiff's claim that he is entitled to a divorce on this basis.

The husband testified at trial that he and his wife engaged in sexual relations until the end of 1982. The plaintiff testified that for the next six months, the parties had no sexual contact. Then, in June 1983 the plaintiff admittedly left the marital residence "[a]s a result of * * * unhappiness and lack of compatability".

Domestic Relations Law § 170 (2) authorizes the granting of a divorce only upon proof of an "abandonment of the plaintiff by the defendant for a period of one or more years". A finding of abandonment may of course be based upon proof of the actual desertion of one spouse by the other or, as is frequently the case, it may be based on proof of "constructive abandonment". This term has two meanings. First, it refers to that

situation where one spouse is deemed to have abandoned the other because of an unjustified refusal to fulfill the "basic obligations springing from the marriage contract" *(Mirizio v Mirizio,* 242 NY 74, 81; *see also, Diemer v Diemer,* 8 NY2d 206). Second, it refers to that situation where one spouse, by engaging in misconduct, compels the other spouse involuntarily to leave the marital home, in which case it is the spouse who left the home who will be deemed to have been abandoned *(see, e.g., Schine v Schine,* 31 NY2d 113 [one spouse locks other spouse out of marital home]; *see also,* 1 Foster-Freed, Law and the Family § 6:19, at 310-311 [rev ed]). In order to warrant a divorce, the abandonment—whether constructive or actual—must be proved to have continued for at least one year *(see, Phillips v Phillips,* 70 AD2d 30; *see also, Elkaim v Elkaim,* 123 AD2d 371, 373-374 [Lazer, J. P., concurring]).

In the present case, the period of constructive abandonment which the husband claims may be premised upon his wife's unjustified refusal to engage in sexual relations with him *(see, Diemer v Diemer, supra)* began in January 1983. Yet the husband admits that he voluntarily left the marital home approximately six months thereafter. No authority is cited for the proposition that the persistent refusal of one spouse to engage in sexual contact for a period of time *less* than one year in duration is legal justification for the other spouse's departure from the marital home so that the departing spouse may be considered as having been abandoned, rather than as having himself committed the abandonment.

Even assuming that the husband's departure from the marital home in June 1983 was justified, and that it did not constitute an abandonment on his part, we nonetheless find that the evidence, as a factual matter, is insufficient to warrant the conclusion that the wife was guilty of constructive abandonment. "A refusal or failure to engage in marital relations, to rise to the level of constructive abandonment, must be unjustified, willful, and continued, despite *repeated* requests from the other spouse for resumption of cohabitation" (Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:7, at 608 [emphasis supplied], citing *George v George,* 34 AD2d 888). Proof that one spouse, in response to a single request, refused to engage in sexual relations, in the absence of proof that the other spouse thereafter repeatedly requested a resumption of sexual relations, is insufficient to sustain a cause of action for a divorce on the ground of abandonment *(see, Nicholson v*

*Nicholson,* 87 AD2d 645; *Rossiter v Rossiter,* 92 Misc 2d 342; *see also, Hage v Hage,* 112 AD2d 659, 662).

In the present case, the plaintiff's brief testimony to the effect that "I mentioned it and I approached her, but it just ended up nowhere" is simply too vague and unspecific to permit us to find that, for a period of at least one year since the beginning of 1983, the plaintiff continuously, or at least periodically, requested a resumption of normal sexual relations. We disagree, as a matter of fact, with the trial court's implicit finding of fact to the contrary. We therefore conclude that, in the absence of such proof, the trial court's judgment granting a divorce in favor of the plaintiff was against the weight of the evidence, and the plaintiff's cause of action for a divorce must be dismissed.

In view of our decision that the plaintiff has failed to establish his entitlement to a divorce, the provision in the judgment under review which directs the sale of the marital home must be vacated *(see, Kahn v Kahn,* 43 NY2d 203). Furthermore, as a matter of discretion, we conclude that the husband should be required to continue his spousal support beyond the six-year period determined by the trial court, to the extent indicated herein. We note, in this regard, that the wife suffers from systemic lupus erythematosus, and that her prospects for future employment are bleak. Finally, we conclude that the wife is entitled to an award of attorneys' fees including disbursements in the amount indicated above. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.