■ GEORGE M., Respondent, v MARY ANN M., Appellant.— In an action for a divorce and ancillary relief, the defendant wife appeals from a judgment of the Supreme Court, Suffolk County (Kitson, J.), entered November 14, 1989, which, after a nonjury trial on the issue of fault, inter alia, granted the plaintiff husband a divorce on the ground of constructive abandonment.

Ordered that the judgment is reversed, on the law and the facts, with costs, and the complaint is dismissed.

It is well settled that to establish a cause of action for a divorce on the ground of constructive abandonment, the spouse who claims to have been constructively abandoned must prove that the abandoning spouse unjustifiably refused

to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year (see, Caprise v Caprise, 143 AD2d 968, 970). The refusal must be unjustified, willful and continued despite repeated requests for continued conjugal relations (see, Casale v Casale, 111 AD2d 737; George v George, 34 AD2d 888). If the refusal is justified in light of inappropriate conduct by the allegedly abandoned spouse, that spouse has no cause of action for a divorce on the ground of constructive abandonment (see, Caprise v Caprise, supra; Dornbusch v Dornbusch, 87 AD2d 883; Del Galdo v Del Galdo, 51 AD2d 741; Yaron v Yaron, 84 Misc 2d 644), as it is an unjustified refusal which is the gravaman of the cause of action (see, Rossiter v Rossiter, 92 Misc 2d 342).

In the instant case we find that the defendant wife's alleged refusals to engage in sexual intercourse with her husband were entirely justified. Even assuming the truth of all of the husband's evidence, it is uncontroverted that his consistent and repeated demands for anal and oral sex, as well as his demands that his wife retire in erotic nightwear, caused the parties' marriage to sour. The defendant accommodated the plaintiff's demands on occasion, but found that his favored forms of sex were either painful or unpleasant. The defendant wife's justifiable refusals to indulge the plaintiff and his unwillingness to respect her objections caused repeated arguments which eventually quashed this marriage of 22 years and caused the acrimony which was responsible for the defendant's general lack of desire for conventional sexual relations. Notwithstanding this, the defendant expressed her wishes to continue in a loving marital relationship with the plaintiff, including normal sexual relations. Under these circumstances we are convinced that the defendant's spurning of sexual relations with her husband, in this atmosphere of coercion and lack of consideration, was not unjustified, and, accordingly, does not confer upon the plaintiff a cause of action for a divorce on the ground of constructive abandonment. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.