■ COLLEEN LYONS, Respondent, v LOUIS LYONS, Appellant. —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Graci, J.), dated July 24, 1990, as, after an inquest on the issue of whether the plaintiff was entitled to a divorce on the ground of constructive abandonment, and a nonjury trial on the financial issues, granted a divorce to the wife on the ground of constructive abandonment, distributed the parties' marital property, and awarded the wife's attorney counsel fees.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the first, sixth, eighth, ninth, tenth, eleventh, thirteenth, fourteenth, and sixteenth decretal paragraphs thereof are vacated, the cause of action for a divorce on the ground of constructive abandonment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings with respect to the remaining cause of action for a divorce, and for further proceedings consistent herewith.

In August 1987 the plaintiff commenced the instant action. Her complaint asserted a cause of action for a divorce on the ground of cruel and inhuman treatment. The defendant answered, asserting a general denial. Thereafter, the plaintiff moved to strike the defendant's answer as a sanction for his failure to provide a net worth affidavit. By order dated September 15, 1988, that motion was granted without opposition.

On March 16, 1990, the parties appeared before Justice Graci to enter into a stipulation in open court, settling all of the issues. The plaintiff made an oral application to amend her complaint to assert a cause of action for a divorce on the ground of constructive abandonment, and that motion was granted without objection from the defendant. At an inquest, the plaintiff testified that the defendant refused to have sexual relations with her "on or about July, 1986" and that she did not have sexual relations with him after that time. The defendant's counsel did not question her. Apparently in reliance upon the stipulation of settlement, the plaintiff gave no testimony with respect to her cause of action for a divorce on the ground of cruel and inhuman treatment, and that

cause of action was not disposed of. Thereafter, the parties stipulated with respect to various financial issues, but when the defendant asserted that no agreement had been reached as to when the marital residence should be sold, the court rendered an oral decision, granting the plaintiff a divorce "against the defendant, on the grounds testified to by the plaintiff", and directed a trial with respect to the financial issues. After a nonjury trial, the judgment appealed from was entered.

It is well settled that to establish a cause of action for a divorce on the ground of constructive abandonment, the spouse who claims to have been constructively abandoned must prove that the abandoning spouse unjustifiably refused to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year (see, George M. v Mary Ann M., 171 AD2d 651; Caprise v Caprise, 143 AD2d 968, 970). The refusal must be unjustified, willful, and continued despite repeated requests for continued conjugal relations (see, Casale v Casale, 111 AD2d 737; George v George, 34 AD2d 888). Proof that one spouse, in response to a single request, refused to engage in sexual relations, in the absence of proof that the other spouse thereafter repeatedly and unsuccessfully requested a resumption of sexual relations, is insufficient to sustain a cause of action for a divorce on the ground of constructive abandonment (see, Caprise v Caprise, supra; Nicholson v Nicholson, 87 AD2d 645).

In the instant case, we find the testimony of the plaintiff insufficient to sustain a cause of action for divorce on the ground of constructive abandonment since she did not testify to ever having requested a resumption of sexual relations with the defendant. Moreover, the plaintiff's testimony that the defendant refused to have sexual relations with her "on or about July, 1986" and that she did not have sexual relations with him after that time did not establish the defendant's continued refusal to have sexual relations with the plaintiff. We therefore conclude that the trial court's determination in granting a divorce in favor of the plaintiff on the ground of constructive abandonment was not supported by legally sufficient evidence, and the plaintiff's cause of action for a divorce on that ground must be dismissed.

In view of our decision that the plaintiff has failed to establish her entitlement to a divorce on the ground of constructive abandonment, the provisions appealed from in the judgment which direct the distribution of the parties' marital property are vacated (see, Elkaim v Elkaim, 123 AD2d 371).

We also note that the valuation of the husband's pension and annuity utilized by the court improperly included contributions made after the commencement of the divorce action. Any future determination of the parties' pension rights or the husband's annuity fund should include only those amounts contributed during the marriage prior to the commencement of the divorce action *(see, Largiader v Largiader,* 151 AD2d 724; *Sinclair v Sinclair,* 136 AD2d 694; *see also, Majauskas v Majauskas,* 61 NY2d 481, 491-492). Further, since the wife's income is currently greater than that of the husband, the award of counsel fees to the plaintiff's attorney, payable by the defendant, was erroneous *(see, Bomser v Bomser,* 151 AD2d 538, 539).

The law favors the resolution of matrimonial actions on the merits *(see, e.g., Brettschneider v Brettschneider,* 52 AD2d 548). Since, in apparent reliance upon the ill-fated stipulation of settlement, the plaintiff did not attempt to prove her cause of action for a divorce on the ground of cruel and inhuman treatment, and that cause of action was never disposed of, the matter is remitted to the Supreme Court, Queens County, for further proceedings with respect to that cause of action, and for further proceedings consistent herewith. Mangano, P. J., Harwood, Miller and Santucci, JJ., concur.