■ SELMA OSTRIKER, Appellant, v NATHANIEL OSTRIKER, Respondent. [609 NYS2d 922] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Winick, J.), entered October 22, 1990, which, inter alia, after a nonjury trial, dismissed her causes of action for a divorce on the grounds of cruel and inhuman treatment and abandonment, dismissed her cause of action for necessaries, denied her claim for maintenance, and granted the defendant husband's counterclaim to impose a constructive trust on the marital residence.

Ordered that the judgment is modified, on the facts, by deleting the provision thereof which dismissed the plaintiff's cause of action seeking a divorce on the ground of abandonment, and substituting therefor a provision granting her a divorce on the ground of abandonment; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

Contrary to the wife's contentions, the Supreme Court properly dismissed her causes of action seeking a divorce on the ground of cruel and inhuman treatment (see, Domestic Relations Law § 170 [1]). Domestic Relations Law § 170 (1) does not permit the dissolution of every marriage simply because the parties are not compatible or because there is strife, quarreling, or lack of harmony. While a trial court has broad discretion as to whether to grant a divorce on the ground of cruel and inhuman treatment, such a divorce cannot be granted simply because the court concludes that there is a "dead marriage" (see, Hessen v Hessen, 33 NY2d 406, 411; Brady v Brady, 64 NY2d 339, 346). We find that the trial court properly considered the respective ages of the husband and wife and the 30-year duration of their marriage in determining that the wife had failed to meet her burden of proof (see, e.g., Hessen v Hessen, supra, at 411-412; Brady v Brady, supra, at 344). While there were ongoing arguments between the parties, largely concerned with money and maintenance of the household, there was no evidence that it was unsafe or improper for the wife to cohabit with the husband.

However, we do find that the wife adduced sufficient evidence to establish her cause of action for divorce on the ground of constructive abandonment. Pursuant to Domestic Relations Law § 170 (2), an action for divorce may be maintained on the ground of abandonment of the plaintiff by the defendant for a period of one or more years. It is well settled that to establish a cause of action for a divorce on the ground of constructive abandonment, the spouse who claims to have been constructively abandoned must prove that the abandoning spouse unjustifiably refused to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year prior to the commencement of the action (see, Lyons v Lyons, 187 AD2d 415, 416; Wai Foon Chan v Yuk Sim Chan, 193 AD2d 575; George M. v Mary Ann M., 171 AD2d 651; De Angelis v De Angelis, 54 AD2d 1088). At the trial, the wife testified that prior to the spring of 1979, she and her husband were having sexual relations but that around that time, he began to leave the house early in the morning and come home late at night and did not want anything to do with her. She stated that she made overtures from time to time but was rejected, and finally sexual relations ceased. No evidence was presented to show that the husband's refusal to engage in sexual relations was justified. The wife's evidence sufficiently established not only that her husband refused sexual relations for the required period, but

that the refusal was willful, continued, and unjustified *(see, Wai Foon Chan v Yuk Sim Chan, supra; Gunn v Gunn,* 143 AD2d 393; *Benarroch v Benarroch,* 55 AD2d 943).

We further find that the court properly imposed a constructive trust upon the wife with respect to a 1972 transaction in which the husband conveyed his interest in the marital home to her. A constructive trust may be imposed upon adequate proof of the following four elements: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment *(see, Sharp v Kosmalski,* 40 NY2d 119, 121; *Washington v Defense,* 149 AD2d 697, 698). Most frequently, it is the existence of a confidential relationship which triggers the equitable considerations leading to the imposition of a constructive trust *(see, Sharp v Kosmalski, supra).*

In the instant case, the transfer was apparently accomplished to shield the home from the husband's business creditors, and was done for the benefit of the husband and the wife. Moreover, the evidence demonstrates that the transfer was made at the wife's request. Under the circumstances, the Supreme Court properly found that when the transfer took place, it was clearly implied that the wife was holding the property for the benefit of them both, not for her benefit alone. There was, therefore, an implied promise to hold title to the property jointly as tenants by the entireties, and the opposite result would have unjustly enriched the wife.

We have reviewed the remaining contentions and find them to be without merit. Balletta, J. P., O'Brien, Ritter and Florio, JJ., concur.