◼ HARVEY SCHILDKRAUT, Respondent, v RUTH SCHILDKRAUT, Appellant. [636 NYS2d 411] —In an action for a divorce and ancillary relief, the defendant-wife appeals from a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated March 17, 1994, which, after a hearing, *inter alia*, granted a divorce to the plaintiff on the ground of constructive abandonment.

Ordered that the judgment is reversed, on the law, the complaint is dismissed, and the matter is remitted to the Supreme Court, Queens County, to determine the proper amount of maintenance to be awarded to the defendant, and for the entry of an appropriate judgment; and it is further,

Ordered that pending the entry of a new judgment, the plaintiff is directed to continue payment of temporary maintenance in the sum of $1000 per month; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff and defendant were married in October 1964, and this action for divorce on the ground of constructive abandonment was commenced in March 1991. At a hearing, the plaintiff testified that on or about December 15, 1989, for a period of over a year he requested sexual relations with the de-

fendant "in the year 1990", but she "did not want to have sex with [him] period". The plaintiff left the marital residence in August or September 1990. The plaintiff could not remember specifically the last time he requested to have sexual relations or had sexual relations with the defendant.

The Supreme Court improperly granted the plaintiff a divorce on the ground of constructive abandonment. Notwithstanding that the court's determination was based on an evaluation of the credibility of the parties' respective testimony (see, Caso v Caso, 161 AD2d 683), we find that the testimony of the plaintiff was legally insufficient to establish that the defendant unjustifiably refused to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year prior to the commencement of this action (see, Domestic Relations Law § 170 [2]; Lyons v Lyons, 187 AD2d 415; Caprise v Caprise, 143 AD2d 968). Accordingly, since the only ground for a divorce which the plaintiff sought to prove at the trial was constructive abandonment, the plaintiff's action for divorce must be dismissed.

While we agree that maintenance was properly awarded, since we are dismissing the complaint, any maintenance awarded should be for an indefinite period of time (see, Blisko v Blisko, 149 AD2d 127). Further, since the maintenance award was inextricably linked to equitable distribution, we must remit this matter for a determination as to the proper amount of maintenance to be awarded to the defendant under the present circumstances. In order to avoid undue hardship, we direct that temporary maintenance be awarded to the defendant in the sum of $1000 per month pending the entry of an appropriate judgment. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.