■ CATHLEEN M. BIEGELEISEN, Respondent, v KEN P. BIEGELEISEN, Appellant. [676 NYS2d 684] —In an action for a divorce and ancillary relief, the husband appeals from a judgment of the Supreme Court, Westchester County (Barone, J.), dated October 6, 1997, which, *inter alia*, granted the wife a divorce.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The wife has failed to establish a cause of action for divorce on the ground of cruel and inhuman treatment. An action for divorce may be maintained on the ground of "[t]he cruel and

inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). A party seeking divorce on this ground "must show serious misconduct, and not mere incompatibility [i.e.] a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper" (*Brady v Brady,* 64 NY2d 339, 343; *Hessen v Hessen,* 33 NY2d 406; *Palin v Palin,* 213 AD2d 707). Further, "when the marriage is one of long duration, a high degree of proof of cruel and inhuman treatment is required" (*Palin v Palin, supra,* at 707, citing *Brady v Brady, supra; Hessen v Hessen, supra*). Here, the record establishes only that after approximately 20 years of marriage, the relationship between the husband and wife is strained, tense, and unpleasant. The wife failed to establish that the husband's conduct is harmful to her physical or mental health, making it unsafe or improper to remain in the marital home.

Nor has the wife established a cause of action for divorce on the ground of constructive abandonment. "It is well settled that to establish a cause of action for a divorce on the ground of constructive abandonment, the spouse who claims to have been constructively abandoned must prove that the abandoning spouse unjustifiably refused to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year" (*Lyons v Lyons,* 187 AD2d 415, 416; *see also, George M. v Mary Ann M.,* 171 AD2d 651, 652; *Caprise v Caprise,* 143 AD2d 968, 970). In order to rise to the level of constructive abandonment, the refusal must be " 'unjustified, willful, and continued, despite *repeated* requests from the other spouse for resumption of cohabitation' " (*Caprise v Caprise, supra,* at 970, quoting Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:7, at 608 [emphasis in original]). Where there is no proof that one spouse repeatedly requested a resumption of sexual relations, evidence that the other spouse refused a single request to engage in sexual relations is insufficient to sustain a cause of action for divorce on the ground of abandonment (*see, Caprise v Caprise, supra*). Here, the wife's testimony relating to the details of the constructive abandonment was too vague and unspecific to support a finding that for a period of at least one year prior to the commencement of the divorce action, she continuously, or at least periodically, requested a resumption of normal sexual relations (*see, Lyons*

*v Lyons, supra,* at 416; *Caprise v Caprise, supra,* at 971). O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.