■ Mary R. Davey, Respondent, v Peter F. Davey, Appellant. [739 NYS2d 629] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered March 7, 2001, which denied his motion pursuant to CPLR 4404 to set aside a determination of the same court, granting the plaintiff's application pursuant to CPLR 4401 for judgment as a matter of law, made at the close of all evidence in a jury trial on the issue of fault.

Ordered that the order is reversed, on the law, the defendant's motion is granted, the determination granting the plaintiff's application pursuant to CPLR 4401 for judgment as a matter of law is vacated, and that application is denied, and the defendant is granted a new trial on the issue of fault, with costs to abide the event.

The plaintiff sought a divorce on the ground of cruel and

inhuman treatment. At the trial, the plaintiff made an application pursuant to CPLR 4401 for judgment as a matter of law at the close of all evidence. The Supreme Court granted the application. Thereafter, the defendant moved to set aside the determination granting the plaintiff's motion and the court denied the motion.

To obtain a divorce on the ground of cruel and inhuman treatment, the plaintiff must show conduct of the defendant spouse which "so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). When the marriage is one of long duration, a high degree of proof of cruel and inhuman treatment is required (*Biegeleisen v Biegeleisen,* 253 AD2d 474; *see Palin v Palin,* 213 AD2d 707).

The parties were married for over 30 years. The plaintiff failed to establish facts which would, as a matter of law, satisfy the high degree of proof of cruel and inhuman treatment required when the marriage is one of long duration (*see Biegeleisen v Biegeleisen, supra*). Accordingly, the Supreme Court improperly granted the plaintiff's motion pursuant to CPLR 4401 for judgment as a matter of law. Santucci, J.P., Krausman, Goldstein and Adams, JJ., concur.