■ ALVIN ARCHIBALD, Appellant, v PERLINA H. ARCHIBALD, Respondent. [791 NYS2d 565]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals from a judgment of the Supreme Court, Kings County (G. Garson, J.), dated December 2, 2002, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

To obtain a divorce on the ground of cruel and inhuman treatment, the plaintiff spouse must show that the defendant spouse engaged in conduct which "so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). Where, as here, the marriage is one of long duration, the plaintiff has the burden of establishing cruel and inhuman treatment by a high degree of proof (see *Davey v Davey,* 293 AD2d 444, 445 [2002]; *Biegeleisen v Biegeleisen,* 253 AD2d 474, 475 [1998]).

Here, the plaintiff failed to establish cruel and inhuman treatment by the required high degree of proof (see *Davey v Davey, supra*; *Biegeleisen v Biegeleisen, supra*). Accordingly, the Supreme Court properly dismissed the plaintiff's cause of action for a divorce on that ground.

"It is well settled that to establish a cause of action for a divorce on the ground of constructive abandonment, the spouse who claims to have been constructively abandoned must prove that the abandoning spouse unjustifiably refused to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year" (*Lyons v Lyons,* 187 AD2d 415, 416 [1992]; *see Biegeleisen v Biegeleisen, supra* at 475; *George M. v Mary Ann M.,* 171 AD2d 651, 651-652 [1991]; *Caprise v Caprise,* 143 AD2d 968, 970 [1988]). The refusal must be "unjustified, willful, and continued despite *repeated* requests for continued conjugal relations" (*Lyons v Lyons, supra* at 416; emphasis added). Where there is no proof that one spouse repeatedly requested a resumption of sexual relations, evidence that the other spouse refused a single request to engage in sexual relations is insufficient to sustain a cause of action for a divorce on the ground of constructive abandonment

(*see Caprise v Caprise, supra* at 970). The plaintiff also failed to establish a cause of action for a divorce on the ground of constructive abandonment as his testimony failed to support such a finding (*see Biegeleisen v Biegeleisen, supra*; *Lyons v Lyons, supra*; *Caprise v Caprise, supra* at 971). Therefore, the Supreme Court also properly dismissed the cause of action for a divorce based upon this ground. H. Miller, J.P., Cozier, S. Miller and Fisher, JJ., concur.