ALEXANDER T. MOLLOY, Appellant, v MARY C. MOLLOY, Respondent. [823 NYS2d 209]—

In an action for divorce and ancillary relief, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered July 11, 2005, which, upon the denial of his motion for summary judgment, determined that he failed to prove abandonment, and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court correctly determined that the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting sufficient evidence to establish the elements of abandonment and the absence of any issues of fact (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]; *Caprise v Caprise*, 143 AD2d 968, 969-970 [1988]). In opposition, the defendant raised a triable issue of fact with respect to whether the plaintiff's offer to resume cohabitation was made in good faith (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Solomon v Solomon*, 290 NY 337, 340-341 [1943]; *Bohmert v Bohmert*, 241 NY 446, 452-453 [1926]), thereby necessitating a trial. The defendant's contention that the plaintiff's offer to resume cohabitation was not made in good faith was not an affirmative defense that had been precluded by any previous order of the Supreme Court.

After trial, the Supreme Court properly dismissed the

plaintiff's complaint, as he failed to establish the alleged abandonment (*see Lyons v Lyons*, 187 AD2d 415, 416 [1992]; *George M. v Mary Ann M.*, 171 AD2d 651, 651-652 [1991]; *Caprise v Caprise, supra* at 970). Specifically, the Supreme Court determined that the plaintiff's offer to resume cohabitation with the defendant, made only through counsel during the course of an earlier proceeding and without any follow-up effort, was not a good-faith offer, thereby warranting a dismissal of the complaint (*see Gleckman v Kaplan*, 215 AD2d 527, 528 [1995]).

The parties' remaining contentions either are without merit or have been rendered academic. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.