■ MYRA WARMAN, Respondent, v HAIM SHIMON WARMAN, Appellant. [860 NYS2d 151]—

In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Queens County (Morgenstern, J.), entered June 6, 2006, which, upon a decision dated February 6, 2006, made after a nonjury trial, inter alia, awarded the plaintiff a divorce on the ground of constructive abandonment and equitably distributed the parties' marital assets.

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

"[T]o establish a cause of action for a divorce on the ground of constructive abandonment, the spouse who claims to have been constructively abandoned must prove that the abandoning spouse unjustifiably refused to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year" (*Lyons v Lyons,* 187 AD2d 415, 416 [1992]; *see Archibald v Archibald,* 15 AD3d 431 [2005]). In order to rise to the level of constructive abandonment, the refusal must be " 'unjustified, willful, and continued, despite *repeated* requests from the other spouse for resumption of cohabitation' " (*Caprise v Caprise,* 143 AD2d 968, 970 [1988], quoting Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:7). "Where there is no proof that one spouse repeatedly requested a resumption of sexual relations, evidence that the other spouse refused a single request to engage in sexual relations is insufficient to sustain a cause of action for a divorce on the ground of constructive abandonment" (*Archibald v Archibald,* 15 AD3d at 432). Here, the wife's testimony was insufficient to establish that she repeatedly requested a resumption of sexual relations with the husband (*see McGhee v McGhee,* 263 AD2d 530 [1999]; *Biegeleisen v Biegeleisen,* 253 AD2d 474 [1998]; *Schildkraut v Schildkraut,* 223 AD2d 585 [1996]; *Lyons v Lyons,* 187 AD2d 415 [1992]; *Caprise v Caprise,* 143 AD2d 968 [1988]). Accordingly, since the only ground for a divorce which the wife sought to prove at trial was constructive abandonment, the action for a divorce must be dismissed.

In light of our determination, we need not reach the husband's remaining contentions. Santucci, J.P., Covello, Belen and Chambers, JJ., concur.