■ DIXIE MEHL, Respondent, v LEON MEHL, SR., Appellant. [874 NYS2d 156]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Alessandro, J.), dated June 18, 2008, as denied that branch of his motion pursuant to CPLR 3211 (a) (7) which was to dismiss the first cause of action seeking a divorce on the ground of constructive abandonment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion pursuant to CPLR 3211 (a) (7) which was to dismiss the first cause of action seeking a divorce on the ground of constructive abandonment is granted.

The plaintiff commenced this action seeking a divorce and ancillary relief. The first cause of action alleged constructive abandonment, and the second cause of action alleged cruel and inhuman treatment. The defendant moved to dismiss the entire complaint for failure to state a cause of action. In the order appealed from, the Supreme Court denied that branch of the defendant's motion which was to dismiss the first cause of action, and granted that branch of the motion which was to

dismiss the second cause of action. The defendant appeals from so much of the order as denied that branch of his motion which was to dismiss the first cause of action. We reverse the order insofar as appealed from.

"It is well settled that to establish a cause of action for a divorce on the ground of constructive abandonment, the spouse who claims to have been constructively abandoned must prove that the *abandoning spouse unjustifiably refused* to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year (*Lyons v Lyons,* 187 AD2d 415, 416 [1992] [emphasis supplied; internal quotation marks omitted]). In order to rise to the level of constructive abandonment, the refusal must be " 'unjustified, willful, and continued, despite repeated requests from the other spouse for resumption of cohabitation' " (*Caprise v Caprise,* 143 AD2d 968, 970 [1988], quoting Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:7). Where there is no proof that one spouse repeatedly requested a resumption of sexual relations, evidence that the other spouse refused a single request to engage in sexual relations is insufficient to sustain a cause of action for divorce on the ground of abandonment (*see Biegeleisen v Biegeleisen,* 253 AD2d 474, 475 [1998]; *Caprise v Caprise,* 143 AD2d 968, 970 [1988]).

Here, the plaintiff's pleadings allege that it was not the defendant who unjustifiably, willfully, and continuously refused to engage in sexual relations with her but, rather, it was the plaintiff who refused. Further, there is no allegation that the plaintiff at any point requested a resumption of sexual relations after an extended period of no relations between the parties. Accordingly, that branch of the defendant's motion which was to dismiss the first cause of action also should have been granted by the Supreme Court.

The plaintiff's remaining contention is not properly before this Court as she did not cross-appeal from the order. Florio, J.P., Covello, Balkin and Leventhal, JJ., concur.