Roseda J. v Charles O. (2024 NY Slip Op 50988(U))

[*1]

Roseda J. v Charles O.

2024 NY Slip Op 50988(U)

Decided on July 30, 2024

Supreme Court, Kings County

Sunshine, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 30, 2024
Supreme Court, Kings County

Roseda J., Plaintiff,

against
Charles O., Defendant.

Index No. REDACTED

Roseda J.
Plaintiff, Self-Represented
Melanie M. Marmer, Esq.
Attorney for Defendant
44 Court Street, Suite 917
Brooklyn, NY 11201

Jeffrey S. Sunshine, J.

The Court must determine whether plaintiff's complaint seeking a divorce under subdivision (7) of Section 170 of the Domestic Relations Law (irretrievable breakdown of the relationship for at least six months) should be dismissed for failure by the plaintiff to prosecute and whether the Court should grant leave for the defendant to amend his Verified Answer and Counterclaim to proceed on his request for a divorce pursuant to DRL 170(2)[constructive abandonment].
 FACTS AND PROCEDURAL BACKGROUND
The parties married in a civil ceremony on March 3, 2011, in Brooklyn, New York. There are (2) children of the marriage: S.O. (D.O.B.: December 2010) and A.O. (D.O.B.: May 2012). The action for divorce was filed in Kings County by Plaintiff-Wife, who is self-represented, on May 17, 2023, seeking a divorce under DRL 170 (7), irretrievable breakdown of the marriage, for a period of six (6) months or more. Defendant-husband filed a Verified Answer and Counterclaim on June 21, 2023, admitting that the grounds for divorce should be granted under DRL 170 (7), and seeking the following relief, inter alia:
A. "That the Temporary Custody and Visitation Order dated March 30th, 2023, Family Court, Kings County, Docket #V-[REDACTED] and V-[REDACTED] shall continue for minor children of the marriage to wit: S.O. and A.O.
B. That the Order of Support dated October 26th, 2022, Family Court, Kings County Docket #F-[REDACTED], shall continue;
C. That the Family Court shall have concurrent jurisdiction with the Supreme Court with respect to any future issues of maintenance, child support, custody, and Visitation
D. That the Plaintiff may resume use of her pre-marital name/[REDACTED]
E. That the Court shall grant such other and further relief that the Court may deem just and proper."
A preliminary conference was conducted on January 3, 2024 [FN1]
. [NYSCEF #22] at which time an extensive allocution of the plaintiff was conducted on the record about the right to counsel, the risks of appearing self-represented and the resources available in the Office of Self-Represented and the court system's website. The Plaintiff has, on the record, refused to cooperate in the process.
On April 8, 2024, Defendant, filed an order to show cause seeking the following relief [NYSCEF #29]:
A. "Granting leave to the Defendant to Amend his Verified Answer and Counterclaim, and granting leave to file and serve the Plaintiff with the Amended Verified Answer and Counterclaim attached hereto; and
B. Dismissing the Complaint of the Plaintiff in its entirety for the failure of the Plaintiff to prosecute this action; and
C. Entering a judgment against the Plaintiff dissolving the marriage between the parties to this action, pursuant to the Defendant's Amended Verified Answer and Counterclaim on the grounds of constructive abandonment pursuant to DRL 170(2); and
D. Such other and further relief as to the Court is just and proper."
Plaintiff-wife did not submit any opposition to defendant's Order to Show Cause. On May 28, 2024, the parties and counsel appeared before the Court for oral argument on defendant's order to show cause. The Court, on the record, notified the parties, including plaintiff who is self-represented, of their right to be represented by counsel; however, Plaintiff repeatedly represented on the record that she did not want an adjournment to seek legal representation and stated her intent to represent herself in this divorce action.
Defendant's Contentions
Defendant avers that the Preliminary Conference Order, dated January 3, 2024, directed that the parties exchange three years of financial documents. He asserts that he complied with the Preliminary Conference Order on February 14, 2024 by producing his financial documents to plaintiff included his tax returns, credit card statements, checking account statements and savings account statements. [NYSCEF #27]. Defendant contends that, as of the filing of this application, plaintiff has not provided any documents required by the Preliminary Conference Order. As of the appearance on May 28, 2024, defendant represented that plaintiff still had not provided any financial disclosure in response to the Preliminary Conference Order.
Plaintiff stated on the record in open court on May 28, 2024, that she has no intention of [*2]returning to Court for any future proceedings and that she was leaving. She indicated that she would not cooperate in the process and aired her grievances against the New York City Family Court where there are proceedings pending but would not cooperate. The Court explained on the record that there is no defense to a "no fault" divorce pursuant to DRL 170(7) (see D'Ambra v. D'Ambra, 225 AD3d 662 [2 Dept.,2024][holding that the opposing spouse in a no fault divorce action pursuant to DRL 170(7) is "not entitled to litigate the other spouse's sworn statement that the relationship has broken down irretrievably for a period of at least six months"]; see also Hoffer-Adou v Adou, 121 AD3d 618 [1 Dept.,2014]; Johnson v. Johnson, 156 AD3d 1181 [3 Dept.,2017]; Tuper v Tuper, 98 AD3d 55 [4 Dept.,2014]). The Court explained on the record that in order for a divorce to be granted on the grounds of irretrievable breakdown in the marital relationship pursuant to DRL 170(7) that all ancillary issues had to be resolved.
In his application, defendant requests that this Court dismiss plaintiff's complaint for failure to prosecute and grant his request for leave to amend his answer and counterclaim to include a demand for divorce on the grounds of constructive abandonment pursuant to the Domestic Relations Law Section 170(2). On the record, both parties asserted that they wished to be divorced. The plaintiff herself repeatedly asserted that she wanted to be divorced and wanted the matter to, in effect, "be over".
In his affidavit in support, dated April 5, 2024, defendant contends that plaintiff moved out of the marital residence in July 2021 and despite repeated requests that she return to the marital residence and resume marital relations with him she has refused. Defendant alleges that from July 2021 through December 2021, Plaintiff only returned to the marital residence approximately every two (2) weeks to visit the children, but continued refusal to return to the residence and resume marital relations with him. Defendant-husband maintains in his affidavit that plaintiff willfully and unjustifiably refused to engage in marital relations despite the Defendant's repeated requests for a period of over one year. He seeks a divorce on constructive abandonment.

THE LAW
Amending An Answer
In amending an answer, CPLR 3025 (b) provides that "[a] party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" (CPLR 3025(b)). "If the adverse party fails to demonstrate that the proposed amendment will unduly prejudice that party, the court should exercise its discretion in favor of the movant" (Getz v. Getz, 130 AD2d 710 [2d Dept 1987]).
"In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit . . . [and] [t]he decision to permit or deny amendment is committed to the sound discretion of the trial court" (Alsaidi v. Alsaede, 227 AD3d 643, 643 [2d Dept., 2024]; see also Dinsenbacher v. Dowis, 5 AD3d 347, 347 [2d Dept 2004]; Lechtrecker v. Lechtrecker, 176 AD2d 284, 284 [2d Dept 1991]; Vickers v Vickers, 131 AD2d 565 [2d Dept 1987]). "Prejudice arises when a party incurs a change in position or is hindered in the preparation of its case or has been prevented from taking some measure in support of its position, and these problems might have been avoided had the original pleading contained the proposed amendment" (Valdes v. Marbrose Realty, Inc., 289 AD2d 28, 29 [1st Dept 2001]; see also Van Kipnis v Van Kipnis, 8 AD3d 94 [1st Dept 2004]).
Here, defendant seeks leave to amend his answer and counterclaim to reflect that he is seeking a divorce on the grounds of constructive abandonment, arguing that he was abandoned by the plaintiff "for a period of one or more years" pursuant to DRL § 170 (2). Plaintiff, in her complaint, sought divorce on the grounds of an irretrievable breakdown of the marriage under DRL 170 (7) which the defendant [*3]initially consented to; however, the plaintiff has refused to exchange financial documents as ordered in the Preliminary Conference Order dated January 3, 2024, causing a delay in prosecution of this matter. For a marriage to be dissolved under DRL 170 (7), all "economic issues of equitable distribution of marital property, the payment or waiver of spousal support, the payment of child support, the payment of counsel and experts' fees and expenses as well as the custody and visitation with the infant children of the marriage must first be resolved by the parties or otherwise determined by the court and incorporated into the judgment of divorce" (DRL § 170(7)).
The Court recognizes defendant's inability to amend his complaint to seek a divorce under DRL § 170 (7) due to plaintiff's recalcitrant refusal to engage in this litigation that she commenced. Although both parties stated unequivocally on the record on May 28, 2024, that they are not seeking equitable distribution, maintenance or counsel fees, there is ongoing litigation in Kings County Family Court on the issue of child support and custody and neither party has sought consolidation of that issue to this Court. Therefore, without resolution of all the ancillary issues, neither party could obtain a divorce under DRL §170 (7) at this time. The Court notes that despite her vehement representations on the record on May 28, 2024 that she wants a divorce at this time based on her failure to cooperate with the action she commenced the plaintiff's application for a divorce pursuant to DRL 170(7) could not, at this time, proceed.
Additionally, as to the issue of maintenance, "where either or both parties are unrepresented, the court shall not enter a maintenance order or judgment unless the Court informs the unrepresented party or parties of the post-divorce maintenance guideline obligation" (DRL § 236 (6)(g)). Since plaintiff is self-represented, her request on the record to waive maintenance would still require the Court to inform the parties of the maintenance guidelines obligations. The Court notes that failure to cooperate with discovery could result in either pre-Note of Issue preclusion or denial at trial based upon a failure of proof.
Inasmuch as it appears that there is no prejudice at this stage of the proceedings in permitting defendant to amend his answer as proposed, this Court grants defendant leave to amend his answer. This appears to be consistent with the request of both parties that they be granted a divorce. In the interest of justice, defendant-husband may proceed with the action of divorce pursuant to DRL § 170 (2), constructive abandonment because the statute permits the Court to grant a divorce prior to resolution of all ancillary issues unlike DRL 170(7) which requires that all ancillary issues be resolved prior to the divorce being granted. This Court does not want to interfere with the ongoing Family Court matters which appear to have been and continue to be extensively litigated in ongoing proceedings in Family Court.
To establish constructive abandonment, the spouse alleging the abandonment must "prove that the abandoning spouse unjustifiably refused to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year" (Lyons v. Lyons, 187 AD2d 415, 416 [2d Dept., 1992]). The refusal must be "unjustified, willful, and continued, despite repeated requests from the other spouse for resumption of cohabitation" (Warman v. Warman, 52 AD3d 596, 597 [2d Dept 2008]); see also Archibald v. Archibald, 15 AD3d 431, 432 [2d Dept 2005]). Social abandonment of a spouse is insufficient to prove abandonment under DRL § 170(2) (Davis v. Davis, 71 AD3d 13, 15 [2d Dept., 2009]). Constructive abandonment has been "routinely defined as the refusal by a defendant spouse to engage in sexual relations for one or more years prior to the commencement of the action, when such refusal is unjustified, willful, and continual, and despite repeated requests for the resumption of sexual relations" (Id). 
Defendant maintains that plaintiff moved out of the marital residence in 2021 and at that time plaintiff ceased all marital relations with the defendant. Defendant further alleges that the refusal of the [*4]plaintiff to engage in marital relations was unjustified, willful, and continued despite repeated requests to resume having such relations. Accordingly, the Court will set this matter down for a status conference on Monday, October 7, 2024 at 10:00 A.M., IN-PERSON. That date will allow defendant time to serve an amended pleadings (on or before Monday, September 2, 2024) and for plaintiff to file any answer thereto.
Dismissal of Complaint for Failure to Prosecute
CPLR 3216(a) provides that:
"Where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, with notice to the parties, may dismiss the party's pleading on terms" (CPLR 3216(a)).
CPLR 3216 (b) further provides that:
"No dismissal shall be directed under any portion of subdivision (a) of this rule and no court initiative shall be taken or motion made thereunder unless the following conditions precedent have been complied with:
(1) Issue must have been joined in the action;
(2) One year must have elapsed since the joinder of issue or six months must have elapsed since the issuance of the preliminary court conference order where such an order has been issued, whichever is later;
(3) The court or party seeking such relief, as the case may be, shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand, and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him or her for unreasonably neglecting to proceed. Where the written demand is served by the court, the demand shall set forth the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 3216(b)).
The Court finds that at this juncture it would be premature to dismiss plaintiff's complaint solely on failure to exchange financial documents and her representation at the May 28, 2024 appearance that she would not return to court for future proceedings. The Court recognizes that plaintiff is self-represented and her general frustration with the process. Defendant's motion to dismiss plaintiff's claim of irretrievable breakdown of the marriage on the grounds of a failure to prosecute is denied without prejudice with the right to renew. Moreover, because the Court has granted defendant leave to amend his answer to reflect that he is seeking a divorce on constructive abandonment, the Court need not address whether plaintiff's complaint should be dismissed at this juncture. 

CONCLUSION
For all the foregoing reasons, the Court grants leave to the defendant to amend his Answer and Counterclaim on the grounds of constructive abandonment. Defendant's motion to dismiss plaintiff's claim of irretrievable breakdown of the marriage on the grounds of a failure to prosecute is denied without prejudice with the right to renew.
Motion sequence #1 is granted to the extent.
This shall constitute the decision and order of the court.
ENTER:
HON. JEFFREY S. SUNSHINE
J. S. C.

Footnotes

Footnote 1:At the preliminary conference the plaintiff-wife refused to sign the Preliminary Conference Order because defendant and his attorney physically touched the papers.