■ HELAINE E. FISHMAN, Respondent, v ALVIN FISHMAN, Appellant.—In an action in which a judgment of the Supreme Court, Nassau County, granting plaintiff a divorce, was entered on April 27, 1973, defendant appeals from (1) an order of the same court, dated November 4, 1974, which, *inter alia,* on a cross motion by defendant to vacate the judgment, modified the judgment to the extent of directing that the judgment be deemed a judgment of separation rather than one of divorce and (2) an order-judgment of the same court, entered December 30, 1974, which (a) on a motion by plaintiff, granted her a recovery of $14,205 for arrears of alimony and child support, plus $250 for counsel fees and (b) on a cross motion by defendant, again decline to vacate the judgment of April 27, 1973 in its entirety. By order dated June 2, 1975, this court reversed both the order and the order-judgment, granted defendant's cross motions to vacate the judgment of divorce and dismissed the complaint. On June 9, 1977 the Court of Appeals reversed the order of this court and remitted the case to us for consideration of the issues on the merits *(Fishman v Fishman,* 42 NY2d 856, revg 48 AD2d 828). Order affirmed, without costs or disbursements. Order-judgment modified, on the law and the facts, by deleting the second decretal paragraph thereof and by substituting therefor provisions deleting the alimony and child support provisions from the judgment of separation and directing a hearing as to the issues of alimony and child support. As so modified, order-judgment affirmed, without costs or disbursements, and action remanded to Special Term for a hearing in accordance herewith and for the

entry of an amended judgment thereafter. Although plaintiff originally sought a separation from her husband on the ground of cruel and inhuman treatment, which ground she failed to sustain, we believe that both the allegations of the complaint and the proof adduced at the inquest justified a judgment of separation on the ground of abandonment (see *Diemer v Diemer,* 8 NY2d 206). We note that such judgment of separation has since been "superseded" by an ex parte decree of divorce entered in California. However, although that decree is entitled to "full faith and credit" insofar as it affects the marital *res,* it is ineffective to oust our courts from jurisdiction to award alimony and child support (see *Estin v Estin,* 296 NY 308, affd 334 US 541). Section 236 of the Domestic Relations Law authorizes a court to award alimony notwithstanding an ex parte foreign divorce decree. Section 240 of the Domestic Relations Law authorizes a court to award child support even if, for any reason other than the absence of jurisdiction, it refuses to grant the relief sought in the matrimonial action. A fortiori, Special Term had the authority to make the instant awards *prior* to the entry of a final decree dissolving the marriage in California. However, since the evidence adduced at the inquest was insufficient to justify the awards of alimony and child support, there must be a remand for a new hearing on these limited issues. Upon the fixation of alimony and child support, a determination of the amount of arrearages, if any, should also be made. Gulotta, P. J., Martuscello, Latham and Rabin, JJ., concur.