■ JOAN LOEB, Respondent, v ELLIOT LOEB, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the

Supreme Court, Nassau County (O'Brien, J.), entered March 29, 1990, which, after a nonjury trial before a Judicial Hearing Officer, confirmed in part the report of the Judicial Hearing Officer, awarded the plaintiff wife lifetime maintenance, and distributed the marital property.

Ordered that the judgment is modified, on the facts and as a matter of discretion, by adding to the fourth subparagraph of the tenth decretal paragraph, immediately after the words "the net proceeds are to be divided equally between the parties" the words "in which case the parties shall be separately responsible to pay any tax obligation allocable to the separate share of the net profits, if any, that each receives from the sale"; as so modified, the judgment is affirmed insofar as appealed from, with costs to the respondent.

The husband contends that the Judicial Hearing Officer gave undue weight to the length of the parties' marriage, their purported standard of living, the wife's age and alleged present medical infirmities, her limited skills and earning potential, and the husband's current income at the time of the trial. He further asserts that almost no weight was given to his reasonable needs, anticipated income, and anticipated retirement. He argues that the award of lifetime maintenance to the wife constituted an improvident exercise of discretion. We disagree.

The amount and duration of maintenance is a matter committed to the sound discretion of the trial court (see, Petrie v Petrie, 124 AD2d 449). Domestic Relations Law § 236 (B) (6) expressly provides for lifetime as well as durational maintenance in recognition of the fact that not every spouse would be capable of self-support, even after a period of education and training (Sperling v Sperling, 165 AD2d 338). "[E]very case must be determined on its unique facts, and the resultant judicial authorities can provide no 'bright-line test' clearly differentiating those cases where a spouse is found to be capable of future self-support, and therefore entitled only to durational maintenance, from those where the dependant spouse is found incapable of future self-support and entitled to lifetime maintenance" (Sperling v Sperling, supra, at 342). Where lifetime maintenance has been awarded, the recipient spouse has almost invariably been an older person, often in impaired health, and the supporting spouse has been in a strong financial position. Here, the evidence supports the court's finding that there was a great disparity between the husband's and wife's income, and that the wife's medical condition and age justified an award of lifetime maintenance.

Moreover, contrary to the husband's assertions, the court considered and evaluated the evidence of his prospective retirement but concluded that the husband did not indicate whether he will still be employed as a consultant or independent contractor or that he does not have the option to continue his employment if he so desires. The credibility of the husband's claim of retirement and related issues is best determined by the trier of fact. Appellate courts are reluctant to substitute their own evaluation of subjective factors for that of the fact-finder, which presided over the entire trial and had the opportunity to observe the demeanor and evaluate the credibility of all the witnesses (see, Eschbach v Eschbach, 56 NY2d 167, 173; see also, Capasso v Capasso, 129 AD2d 267, 271). The Judicial Hearing Officer was entitled to draw reasonable inferences from the unrefuted facts, including the timing of the husband's decision to retire in relation to the trial date, to discredit the husband's purported reasons for his retirement, and to conclude that the husband's retirement should not affect the wife's entitlement to lifetime maintenance. Unlike the wife, the husband, despite having had the opportunity to do so, presented no medical testimony from any physician to establish either that he suffered from any of the infirmities he alleged or to support his contention that these infirmities necessitated his retirement. The Supreme Court's decision demonstrates that the court reviewed all of the transcripts and the evidence and reached the same conclusion as the Judicial Hearing Officer. Thus, the amount and duration of the maintenance awarded to the wife based upon the husband's established earning capacity was proper, since an award of maintenance is not determined by actual earnings but, rather, by earning capacity (see, Kay v Kay, 37 NY2d 632, 637; Powers v Powers, 171 AD2d 737, 738; Rosenberg v Rosenberg, 155 AD2d 428, 431).

With regard to the limited issue of the sale of the York Avenue property and the distribution of the proceeds thereof, we agree that there should have been an express direction with regard to the tax considerations of that sale, and modify the judgment to that extent only (see, Domestic Relations Law § 236 [B] [5] [d] [10]).

We have considered the husband's remaining contentions and find them to be without merit (see, Kay v Kay, supra; O'Brien v O'Brien, 66 NY2d 576, 590). Thompson, J. P., Harwood, O'Brien and Santucci, JJ., concur.