■ ANN ARUNAS, Respondent, v ANTHONY ARUNAS, Appellant. [644 NYS2d 520] —In an action for a divorce and ancillary relief, the defendant husband appeals from a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated March 20, 1995, which, after a nonjury trial, *inter alia,* (1) granted the plaintiff a divorce on the grounds of cruel and inhuman treatment, and (2) directed him to pay weekly main-

tenance in the amount of $200 for two years, maintenance arrears in the sum of $5,100, and an equitable distribution award of $64,919.96.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the complaint is dismissed.

"It is well settled that a plaintiff seeking a divorce on the ground of cruel and inhuman treatment must show serious misconduct, not mere incompatibility (*see, Brady v Brady,* 64 NY2d 339; *Hessen v Hessen,* 33 NY2d 406). * * * A plaintiff relying on this ground must show 'a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper' (*Brady v Brady, supra,* at 343)" (*Del Gatto v Del Gatto,* 142 AD2d 545). Where, as here, the marriage is one of long duration, a high degree of proof is required (*see, Brady v Brady, supra; Palin v Palin,* 213 AD2d 707).

The conduct complained of consisted primarily of offensive name calling, disputes over finances, failure to speak or communicate for periods of time, failure to "sympathize", and failure to provide what, the wife believes, is a standard of living that the husband's income entitled her to enjoy. The wife testified that the conduct made her feel defeated and degraded, rendering her depressed. Although medical evidence is not required (*see, Hessen v Hessen, supra,* at 411), the wife admitted that she declined to seek such care when her family offered assistance in that area. Moreover, the wife continued to cohabit with the husband for two years after commencing the action, and shared the same bedroom in a one bedroom apartment.

While this conduct presumably served to make cohabitation unpleasant, the plaintiff failed to offer any evidence to establish that the defendant's conduct so endangered her physical or mental well being that it rendered continued cohabitation unsafe or improper, particularly where the plaintiff continued to cohabit for more than two years after the action was commenced (*see, Palin v Palin, supra; Ostriker v Ostriker,* 203 AD2d 343, 344; *Stagliano v Stagliano,* 132 AD2d 975, 976; *William MM. v Kathleen MM.,* 203 AD2d 883). Thus, under these circumstances, and in this marriage of long duration, we conclude that the Judicial Hearing Officer erred in determining that the plaintiff was entitled to a divorce on the ground of cruel and inhuman treatment (*see, Brady v Brady, supra; Clarkson v Clarkson,* 103 AD2d 964). Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.