■ Gail S. Tissot, Respondent, v Marshal A. Tissot, Appellant. [662 NYS2d 599] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Sherwood, J.), dated July 15, 1996, as granted the plaintiff a divorce on the ground of cruel and inhuman treatment and awarded him maintenance in the sum of only $150 per week for one year.

Ordered that the judgment is modified, on the law and the facts, by (1) adding a decretal paragraph thereto conforming the pleadings to the evidence (*see,* CPLR 3025 [c]) to allege a cause of action for divorce upon the ground of abandonment (*see,* Domestic Relations Law § 170 [2]) and (2) deleting the words "cruel and inhuman treatment" from the decretal

paragraph which granted the plaintiff a divorce and substituting therefor the word "abandonment"; as so modified the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff wife commenced this action to end her 28-year marriage to the defendant husband. At a nonjury trial, the wife testified, *inter alia,* that she and the husband had not engaged in sexual relations since 1986, despite her continued requests, that the husband constantly criticized her, that the husband was uncommunicative and unsupportive, and that the husband failed to perform his share of the household duties. As a result, she had suffered from stress-related problems. The husband agreed that the parties had not had sexual relations for several years, but asserted that it was, at least in part, the fault of the wife. Financial issues were submitted on papers. After trial, the court granted the wife a divorce on the ground of cruel and inhuman treatment and awarded the husband maintenance in the amount of $150 per week for one year. On appeal, the husband argues that the wife's testimony was insufficient to support a finding of cruel and inhuman treatment and that the judgment should be reversed and vacated. Alternatively, he argues, if the judgment is affirmed, it should be modified to provide him with maintenance for life.

We agree that the evidence adduced at the trial was insufficient to sustain the grant of a divorce on the ground of cruel and inhuman treatment (*see, Brady v Brady,* 64 NY2d 339; *Arunas v Arunas,* 227 AD2d 424; *Palin v Palin,* 213 AD2d 707; *Donley v Donley,* 233 AD2d 930; *Doyle v Doyle,* 214 AD2d 918; *Meier v Meier,* 156 AD2d 348; *Del Gatto v Del Gatto,* 142 AD2d 545). However, the judgment of divorce may nonetheless be sustained on the ground of constructive abandonment. Constructive abandonment occurs when a spouse refuses to engage in sexual relations for one or more years and such a refusal is " 'unjustified, willful, and continued, despite *repeated* requests from the other spouse for resumption of cohabitation' " (*Caprise v Caprise,* 143 AD2d 968, 970, quoting Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:7, at 608 [emphasis added]; *see also, Diemer v Diemer,* 8 NY2d 206; Domestic Relations Law § 170 [2]). Here, the allegations in the complaint set forth a cause of action for divorce upon the ground of constructive abandonment, and the unrefuted proof at trial clearly supported the granting of a divorce on that ground (*see, Diemer v Diemer, supra; George v George,* 34 AD2d 888; *see also, Fishman v Fishman,* 60 AD2d 642; *Phillips v Phillips,* 70 AD2d

30). To the extent that the parties' testimony was discrepant as to whether the husband's refusal to have sexual relations was unjustified, willful, and continued, despite repeated requests by the wife, we find the resolution of this issue of credibility by the Supreme Court in favor of the wife to be supported by the record (see, Eschbach v Eschbach, 56 NY2d 167; Loeb v Loeb, 186 AD2d 174). Accordingly, the judgment is modified to grant a divorce on the ground of constructive abandonment.

Further, the court's award of maintenance was not an improvident exercise of discretion (see, O'Brien v O'Brien, 66 NY2d 576). The evidence at trial revealed that the husband, a relatively young man with a strong job and training background, who was in good health, is capable of securing employment sufficient to become self-sustaining (see, Loeb v Loeb, supra; De La Torre v De La Torre, 183 AD2d 744). Miller, J. P., Ritter, Santucci and Florio, JJ., concur.