■ RONALD A. SILVER, Respondent, v LYNNE M. SILVER, Appellant. [677 NYS2d 593] —In an action for a divorce and ancillary relief, the defendant wife appeals from an interlocutory judgment of the Supreme Court, Westchester County (Nicolai, J.), entered July 14, 1997, which granted the plaintiff husband a divorce on the grounds of constructive abandonment and cruel and inhuman treatment.

Ordered that the interlocutory judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff a divorce on the ground of cruel and inhuman treatment; as so modified, the interlocutory judgment is affirmed, with costs to the plaintiff.

The husband has established a cause of action for divorce on

the ground of constructive abandonment. "It is well settled that to establish a cause of action for a divorce on the ground of constructive abandonment, the spouse who claims to have been constructively abandoned must prove that the abandoning spouse unjustifiably refused to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year" (*Lyons v Lyons,* 187 AD2d 415, 416; *see also, George M. v Mary Ann M.,* 171 AD2d 651, 651-652; *Caprise v Caprise,* 143 AD2d 968, 970). In order to rise to the level of constructive abandonment, the refusal must be " 'unjustified, willful, and continued, despite *repeated* requests from the other spouse for resumption of cohabitation' " (*Caprise v Caprise, supra,* at 970, quoting Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:7, at 608 [emphasis added in *Caprise*]). Where there is no proof that one spouse repeatedly requested a resumption of sexual relations, evidence that the other spouse refused a single request to engage in sexual relations is insufficient to sustain a cause of action for divorce on the ground of constructive abandonment (*see, Caprise v Caprise, supra*). Under the circumstances of this case, the husband proffered sufficient evidence to support a finding that for a period of at least one year prior to the commencement of the divorce action, the wife willfully and unjustifiably refused to engage in sexual relations with him despite his repeated requests (*see, Lyons v Lyons, supra*).

However, we disagree with the Supreme Court's finding that the husband established a cause of action for divorce on the ground of cruel and inhuman treatment. An action for divorce may be maintained on the ground of "[t]he cruel and inhuman treatment of the plaintiff by the defendant such that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). A party seeking a divorce on this ground "must show serious misconduct, and not mere incompatibility" (*Brady v Brady,* 64 NY2d 339, 343), i.e., "a course of conduct by the defendant spouse which is harmful to the physical or mental health of the plaintiff and makes cohabitation unsafe or improper" (*Brady v Brady, supra,* at 343; *Hessen v Hessen,* 33 NY2d 406; *Palin v Palin,* 213 AD2d 707). Further, "when the marriage is one of long duration, a high degree of proof of cruel and inhuman treatment is required" (*Palin v Palin, supra,* at 707, citing *Brady v Brady, supra; Hessen v Hessen, supra*). Here, that burden was not met, as the record establishes only that after approximately 20 years of marriage, the

relationship between the husband and wife was strained, tense, and unpleasant. Bracken, J. P., Rosenblatt, Ritter and Florio, JJ., concur.