■ KENNETH UHL, Appellant, v MICHELE UHL, Respondent. [711 NYS2d 271] —Rose, J. Appeal from an order of the Supreme Court (Bradley, J.), entered April 27, 1999 in Ulster County, which, *inter alia*, vacated a stipulation of settlement entered by the parties.

The parties were married in August 1986 and commenced this action for divorce in 1997. On July 29, 1998, during trial, the parties stipulated in open court to settlement of all claims, including equitable distribution. The parties' stipulation provided for, *inter alia*, the following distribution of plaintiff's business:

"[C]ommencing in two weeks, the Plaintiff shall pay to the Defendant from the payroll account of Pro Relo, Inc., the sum of two hundred dollars per week. These payments shall continue until such time as the Defendant has received a total sum of forty-five thousand dollars.

"The defendant will fill out the necessary income tax information. The Defendant will supply to the Plaintiff and/or his corporation a W-4 outlining how many dependent deductions she wishes to have taken out, and so forth, whatever the normal arrangement is for an employee."

Thereafter, defendant refused to fill out a W-4 form and did not cash the payroll checks sent to her by plaintiff, because she was not an employee of defendant's business and had not agreed to receive less than $200 per week. In late October 1998, defendant's counsel submitted a proposed judgment which plaintiff refused to accept because it did not conform to the parties' stipulation. In early November 1998, plaintiff's counsel prepared an alternate judgment. By subsequent correspondence with the court, defendant objected to plaintiff's proposed judgment, disputed plaintiff's right to pay her less than $200 per week and asserted that tax fraud would result if she were to be required to accept plaintiff's payment of her share of the business by means of payroll checks with taxes withheld as if she were an employee. On April 19, 1999, without reciting who had applied for such relief, Supreme Court ordered that the stipulation be vacated and the case scheduled for a trial of all issues. Plaintiff now appeals.

Where a stipulation of settlement in a matrimonial action is placed on the record in open court and is fair on its face, it will not be set aside unless there is proof of fraud, duress, overreaching or unconscionability (*see, Christian v Christian*, 42 NY2d 63, 73; *Hanehan v Hanehan*, 270 AD2d 560, 562; *Dwyer v De La Torre*, 252 AD2d 695, 696). We also note that "[a]n agreement which is 'lawful on its face and which does not contemplate or necessarily entail unlawful conduct in its performance is enforceable by the promisee even though he engages in unlawful activity in the agreement's performance' * * * provided the promisee does not require the aid of the illegal transaction to make out his case" (*Hilgendorff v Hilgendorff*,

241 AD2d 481, 481-482, quoting *Dodge v Richmond*, 10 AD2d 4, 14, *affd* 8 NY2d 829 [citations omitted]).

Here, however, the stipulation quite obviously contemplated unlawful conduct in requiring defendant to execute a W-4 form effectively certifying that she is an employee of plaintiff's business in order to assist him in treating her equitable share of his business as employment income. If plaintiff or his business were to list these payments as deductions, the stipulation would then effectively obligate defendant to aid and abet plaintiff in committing employment tax fraud or payroll padding by her filing of a false tax document (*see*, 26 USC § 7206 [2]). Under these circumstances and in the face of plaintiff's insistence that defendant honor her agreement to accept the payments as employment income, Supreme Court properly vacated the stipulation.

Crew III, J. P., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.