■ JOHN SZEMANSCO, JR., Appellant, v MARCIA M. SZEMANSCO, Respondent. [727 NYS2d 799] —Carpinello, J. Appeal from a judgment of the Supreme Court (Williams, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered December 29, 1999 in Saratoga County, upon a decision of the court.

After 21 years of marriage, plaintiff commenced this action for divorce in November 1995. At issue on appeal are certain aspects of Supreme Court's equitable distribution of the parties' marital assets, as well as its decision to award defendant spousal maintenance in the amount of $400 per week until plaintiff turns 65 or retires, whichever event occurs later in time. None of the contentions advanced by plaintiff in support of modification of Supreme Court's decision has merit; accordingly, we affirm.

Upon our review of the record in this matter in conjunction with the factors outlined under Domestic Relations Law § 236 (B) (6) (a), we discern no abuse of discretion in Supreme

---

Court's award of durational spousal maintenance to defendant. Plaintiff is a senior district manager in pharmaceutical sales and earns approximately $120,000 per year. His job affords him many significant benefits, including health insurance, stock options, a pension and a deferred compensation plan and the free use of a company vehicle.

Defendant, on the other hand, has no education outside a high school diploma and has been in a precarious emotional state since the parties' separation. Throughout most of the marriage, she stayed home to care for the parties' two children, returning to work on a part-time basis only when they reached school age. As of the trial, however, she was unemployed. Given her lack of education and meager employment history, Supreme Court found it unlikely that she will ever be able to earn more than $20,000 per year. During their marriage, the parties enjoyed a very comfortable lifestyle which included a large home containing many antiques, the acquisition of three rental properties, a BMW vehicle and vacations. Given the long duration of their marriage (see, Domestic Relations Law § 236 [B] [6] [a] [2]), plaintiff's significant earnings and employment benefits (see, Domestic Relations Law § 236 [B] [6] [a] [1], [3]), defendant's lack of higher education, formal job training and/or marketable employment skills (see, Domestic Relations Law § 236 [B] [6] [a] [3], [4], [5], [8]) and their predivorce standard of living, we find no basis upon which to disturb the maintenance award (see, e.g., Nielson v Nielson, 259 AD2d 916).

As to plaintiff's claims that he is entitled to a $19,000 credit for the payment of certain marital debt and a larger than awarded credit for various personal property removed from the marital residence by defendant, we find no factual basis in the record to support such credits (see generally, Askew v Askew, 268 AD2d 635, 637; Timperio v Timperio, 232 AD2d 857, 860). As to his claim that Supreme Court erred in its valuation of the parties' luxury vehicle, we note simply that divergent expert opinions were offered as to this vehicle's value and the court accepted that of defendant's expert, a credibility determination with which we find no basis to interfere (see, Charland v Charland, 267 AD2d 698, 701; Walasek v Walasek, 243 AD2d 851, 852-853).

Finally, plaintiff claims that Supreme Court erred in determining that "all" stock options issued by his employer were to be equally divided between the parties. During the trial, the parties entered into an oral, in-court stipulation concerning certain stock options. Specifically, the parties agreed that the only stock options at issue in the matter were

those issued by plaintiff's employer in February 1994 and February 1995, which they further agreed to divide equally. Thus, although the judgment of divorce inartfully states that "all" stock options are to be divided equally between the parties, it is clear that this reference concerns only those stock options that were the subject of the parties' stipulation. Indeed, the court's findings of fact and conclusions of law specifically refers to the parties' stipulation in outlining distribution of this asset.

To the extent that plaintiff also claims that the 1994 and 1995 stock options were actually separate property and therefore Supreme Court erred in accepting the parties' stipulation to divide them equally, we are unpersuaded. Notably, plaintiff has not moved to vacate the stipulation (*compare*, *Turk v Turk*, 276 AD2d 953; *Uhl v Uhl*, 274 AD2d 915) nor even alleged that any legally cognizable ground to do so exists. Under these circumstances, plaintiff is bound by the stipulation and thus legally obligated to split the 1994 and 1995 stock options with defendant (*see generally*, *Vermilyea v Vermilyea*, 224 AD2d 759; *Morris v Morris*, 205 AD2d 914).

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.