■ BETTY K. ATKINSON, Respondent, v ROBERT L. ATKINSON, Appellant. [735 NYS2d 241] —Carpinello, J. Appeal from an order of the Supreme Court (O'Shea, J.) ordering, *inter alia*, equitable distribution of the parties' marital property, entered July 31, 2000 in Tioga County, upon a decision of the court.

After 20 years of marriage which produced four children ranging in ages from 13 to 19 years old, plaintiff commenced this action for divorce. As a result of stipulations between the parties, the primary issues for trial concerned joint versus sole

legal custody of the children (it having been agreed that plaintiff would be their primary physical custodian), spousal maintenance, child support and the appropriate value of the marital residence. Defendant appeals from Supreme Court's determination awarding plaintiff sole legal custody of the children, awarding him spousal maintenance in the amount of $500 per month for one year and $1,000 in counsel fees, ordering him to pay approximately $200 per week in child support and valuing the marital residence at $161,000.

None of the issues raised by defendant warrant any modification of Supreme Court's decision. First, the court's rejection of joint custody is fully supported by the record. Suffice it to say, the testimony concerning the parties' ability to cooperate and communicate varied greatly. According to plaintiff, defendant's short temper, profane language and derogatory remarks about her, her friends and her family have affected her ability to converse with him. She testified that the parties have been unable to work together on issues pertaining to the children, that they have been unable to engage in a "normal conversation" since their separation (i.e., conversations typically escalate into "yelling and name-calling") and that they communicate mostly through the children or attorneys. There was also testimony concerning various physical altercations between plaintiff and defendant, as well as between defendant and certain of the children. Notably, plaintiff's testimony was confirmed in significant respects by the parties' eldest child.

Defendant, on the other hand, claimed to be "an easy-going guy" and denied having a short temper, using profane language or making derogatory remarks about anyone. He also denied ever physically restraining plaintiff or using physical punishment with any of the children. He maintained that he has no problems communicating with plaintiff about the children and that the parties are in complete agreement on all "major goals" for them. He nevertheless acknowledged on cross-examination that "[o]n day-to-day stuff, it is very difficult at times to even talk with [plaintiff]." Upon this record, we find no reason to interfere with Supreme Court's determination that joint legal custody is inappropriate (see, Bliss v Ach, 56 NY2d 995, 998).

With respect to spousal maintenance, defendant takes issue with the amount and duration of his award. He cites the following factors in support of a larger award, namely, the length of the marriage, his purported contributions to plaintiff's career and child rearing responsibilities, the parties' disparate incomes and plaintiff's alleged "fault in the divorce." While the marriage was indeed long (20 years), the parties are still quite

young (in their mid-40s) and both were well established in their respective employment positions prior to getting married (plaintiff took a job with International Business Machines after college where she continues to be employed to date and defendant took a job with the Department of Transportation after high school where he also continues to be employed to date) (*see, Mica v Mica*, 275 AD2d 765). Each worked full time throughout the marriage and contributed equally to household and child-rearing obligations (*cf., Szemansco v Szemansco*, 285 AD2d 851; *Stricos v Stricos*, 263 AD2d 659; *Lombardo v Lombardo*, 255 AD2d 653; *Zurner v Zurner*, 213 AD2d 906, *lv denied* 87 NY2d 802). Moreover, contrary to defendant's contentions, there is no evidence whatsoever that he made any compromises or sacrifices in his education or career because of plaintiff's career or his family situation (*cf., Zurner v Zurner, supra*). The record clearly reveals that defendant opted not to attend college before he even met plaintiff and that he had no intention of pursuing a college education during the marriage. The only evidence concerning "fault" on the part of either party primarily involved defendant.

Thus, the only factor supported by the record which might warrant a more substantial spousal maintenance award is the significant disparity in the parties' income (plaintiff earned approximately $131,568 in 1999 whereas defendant only earned approximately $36,400). This factor alone, however, is insufficient to justify an increased award particularly where, as here, the only evidence concerning the predivorce standard of living revealed a quite modest lifestyle (*cf., Szemansco v Szemansco, supra*; *Newton v Newton*, 246 AD2d 765, *lv denied* 91 NY2d 813) and defendant is self-supporting and economically independent (*see, Mica v Mica, supra*; *Tissot v Tissot*, 243 AD2d 462; *Graham v Graham*, 175 AD2d 540, 542; *see also*, Domestic Relations Law § 236 [B] [6] [a] [3], [4]). To this end, we note that defendant was spared financial responsibility for the carrying costs of the marital residence during the pendency of the action. He was also absolved of responsibility for all marital debt, as well as a potential $13,000 in child support arrears (defendant had not paid any child support since the parties' separation). Moreover, citing the difference in their incomes, Supreme Court ordered that plaintiff be solely responsible for all childcare expenses and uninsured medical and dental expenses. Given all these factors, we conclude that Supreme Court's award of maintenance was not an abuse of discretion (*see, e.g., Tissot v Tissot, supra*). Similarly unavailing is defendant's claim, again based solely on the parties' disparate income, that he should not be required to pay his statutory share of child support.

Finally, Supreme Court's decision to accept the opinion of the agreed-upon appraiser concerning the value of the marital residence did not constitute an abuse of discretion (*see, e.g., Szemansco v Szemansco, supra; Walasek v Walasek,* 243 AD2d 851, 852-853). The court found, and we agree, that defendant failed to present any "credible evidence that the market value of the marital residence is higher" than the $161,000 value determined by this appraiser. To the extent that defendant contends that the court erred in relying on this appraisal because he had made substantial improvements to the property, we need only note that defendant conceded on cross-examination that all such improvements were completed prior to the appraisal having been conducted. We also find no abuse of discretion in Supreme Court's award of counsel fees.

Cardona, P. J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.