■ JUDITH D. GARRUTO, Appellant, v RALPH M. GARRUTO, Respondent. [736 NYS2d 527] —Carpinello, J. Appeal from a judgment of the Supreme Court (Hester, Jr., J.), ordering, inter alia, equitable distribution of the parties' marital property and maintenance, entered December 22, 2000 in Broome County, upon a decision of the court.

The parties to this 31-year marriage which produced three children (now emancipated) went to trial on various issues, only two of which remain extant, the appropriate amount of spousal maintenance due plaintiff and whether she should receive an equitable distribution credit for defendant's doctoral degree. Finding no abuse of discretion in Supreme Court's resolution of either of these issues, we affirm.

Plaintiff argues that her spousal maintenance award of $1,100 per month until defendant retires should be increased to $500 per week. She claims that Supreme Court ignored the statutory factors set forth in Domestic Relations Law § 236 (B) (6) (a), as well as the parties' predivorce standard of living and the marked disparity in their respective incomes. We disagree.

Although plaintiff claims that the parties' predivorce standard of living warrants an increase in maintenance, she does not detail what that standard actually encompassed. Significantly, our review of the record discloses no evidence of an extravagant or lavish marital lifestyle which might warrant the increase requested. Further, while the parties do indeed have a disparity in income—as of the trial defendant made approximately $107,000 while plaintiff made approximately $30,000—this factor is alone not dispositive (*see, Atkinson v Atkinson,* 289 AD2d 907). Here, the record reveals that plaintiff, who holds a four-year degree in medical technology from Penn State University, is gainfully employed in a neurochemistry laboratory and is evidently in good health. Defendant, on the other hand, while employed as a research biologist with Master's and doctoral degrees from Penn State University, has had health problems since 1995 and plans on retiring as soon as he becomes eligible, i.e., in June 2002. Upon his retirement, plaintiff will then receive one half of defendant's pension, namely, $27,400 annually. Plaintiff was also awarded a net distributive award of nearly $26,000 from defendant and is also likely to receive approximately $70,000 from the sale of the marital residence. Given these factors, we conclude that Supreme Court's maintenance award of $1,100 per month to her was not an abuse of discretion (*see, id.*).

Similarly unavailing is plaintiff's claim that, in addition to maintenance, she should also have been awarded a portion of defendant's doctoral degree. Noting that Supreme Court has discretion in the manner in which it avoids the double counting of income when one spouse has earned an advanced degree during the marriage (*see, Grunfeld v Grunfeld,* 94 NY2d 696, 705; *Sodaro v Sodaro,* 286 AD2d 434, *lv dismissed* 97 NY2d 677), we discern no such abuse of discretion in this case given the relatively weak expert testimony offered by plaintiff concerning this issue and defendant's imminent retirement.

Crew III, J.P., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.