■ In the Matter of SERAFIN M. VERNA EGGLESTON, as Commissioner of Social Services of the City of New York, Appellant. [793 NYS2d 153]—

In a proceeding pursuant to Mental Hygiene Law article 81 to appoint a guardian for the person and property of Serafin M., an alleged incapacitated person, Verna Eggleston, as Commissioner of Social Services of the City of New York, appeals from an order of the Supreme Court, Kings County (Leventhal, J.), dated March 26, 2004, which denied her motion, in effect, to vacate a prior order of the same court dated December 23, 2003, sua sponte directing the Department of Social Services of the City of New York to pay the sum of $500 per month in use and occupancy to Serafin M.'s landlords, nonparties Allan O'Hare and Mariko Numaguchi, from October 2003 until Serafin M. vacates the apartment.

Ordered that the order dated March 26, 2004, is reversed, on the law, with costs, the motion is granted, and the order dated December 23, 2003, is vacated.

Acting pursuant to her authority under Mental Hygiene Law § 81.06 (a) (6), the petitioner, the Commissioner of Social Services of the City of New York (hereinafter the Commissioner), moved for the appointment of a guardian for the person and property of Serafin M., who was facing eviction proceedings. Accordingly, as part of her application, the Commissioner sought to restrain Serafin M.'s landlords, Allan O'Hare and Mariko Numaguchi, from proceeding with any eviction. In an order dated March 23, 2004, the Supreme Court, inter alia, appointed a guardian, and enjoined the landlords from proceeding with the eviction for 90 days following the guardian's qualification. In a subsequent order dated December 23, 2003, the Supreme

Court, sua sponte, directed the Department of Social Services (hereinafter the DSS) to pay the sum of $500 per month in "use and occupancy" to the landlords, beginning October 2003 until Serafin M. vacates the apartment. The Commissioner then moved, in effect, to vacate the order dated December 23, 2003. The Supreme Court denied the motion, and the Commissioner appeals.

We reverse. There must be a legal obligation on the part of the municipality, either statutory or contractual, before public funds may be paid to individuals (*see Matter of Antonopoulou v Beame*, 32 NY2d 126 [1973]). In this case, no statutory or contractual provision was identified requiring the DSS to pay the use and occupancy the Supreme Court directed to be paid. Accordingly, the Supreme Court erred in directing the DSS to pay Serafin M.'s landlords the sum of $500 per month in use and occupancy from October 2003 until Serafin M. vacates the apartment. H. Miller, J.P., Ritter, Rivera and Spolzino, JJ., concur.