■ Stanley Cauthers, Respondent, v Frances Cauthers, Appellant. [821 NYS2d 239]—

In an action for a divorce and ancillary relief, the defendant appeals from an interlocutory judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated November 11, 2005, which, after a nonjury trial, granted the plaintiff a divorce on the ground of cruel and inhuman treatment.

Ordered that the interlocutory judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff, after 40 years of marriage, commenced this action for a divorce and ancillary relief. After a nonjury trial, the Supreme Court granted the plaintiff a divorce on the ground of cruel and inhuman treatment. We reverse.

Where, as here, a case is tried without a jury, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render a judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Martinez v State of New York,* 225 AD2d 877, 878-879 [1996]).

An action for a divorce may be maintained on the ground of cruel and inhuman treatment if there is conduct by one spouse that so endangers the physical or mental well being of the other as to render cohabitation unsafe or improper (*see* Domestic Relations Law § 170 [1]; *Archibald v Archibald,* 15 AD3d 431 [2005]; *Silver v Silver,* 253 AD2d 756 [1998]). A party seeking a divorce on this ground must show serious misconduct, and not mere incompatibility or that the marriage is dead (*see Silver v Silver, supra*; *Martin v Martin,* 224 AD2d 597 [1996]). When the

marriage is one of long duration, a high degree of proof of cruel and inhuman treatment is required (*see Archibald v Archibald, supra; Silver v Silver, supra*). Here, this burden was not met. Rather, the evidence demonstrated no more than that the parties' relationship was, at times, strained, tense, and unpleasant (*see Silver v Silver, supra; Arunas v Arunas,* 227 AD2d 424 [1996]; *see contra Levine v Levine,* 2 AD3d 498 [2003]; *Meltzer v Meltzer,* 255 AD2d 497 [1998]). Indeed, the parties continued to cohabit after this action was commenced, including sleeping in the same bed and eating most meals together, and, inter alia, continued to attend family and social functions together (*see Arunas v Arunas, supra*). Schmidt, J.P., Adams, Santucci and Lunn, JJ., concur.