SHIKHA GULATI, Appellant, v DINESH GULATI, Respondent. [857 NYS2d 643]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals (1) from a judgment of the Supreme Court, Suffolk County (Bivona, J.), dated May 17, 2006, which, upon a decision of the same court dated March 21, 2006, made after a nonjury trial, inter alia, dismissed her cause of action for a divorce on the ground of cruel and inhuman treatment, and (2), as limited by her brief, from so much of an order of the same court dated November 27, 2006, as, upon reargument, adhered to the original determination dismissing the cause of action for a divorce on the ground of cruel and inhuman treatment and denied that branch of her motion which was for a judgment of divorce on the additional ground of constructive abandonment.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff wife and the defendant husband were married in New York on June 9, 1990 and have three children. On April 3, 2003 the wife commenced the instant action for a divorce, alleging cruel and inhuman treatment. At the ensuing trial, the wife testified that the husband had little interest in sexual intercourse, and that they had sex as infrequently as three or four times a year. She further testified that when the husband was angry with her he would give her the "silent treatment," which could last for weeks, and on one occasion, lasted four months. At the conclusion of the trial, the court allowed the plaintiff to conform the pleadings to the proof in order to seek a judgment of divorce on the additional ground of constructive abandonment.

In a decision dated March 21, 2006 the Supreme Court held that the wife had not made out a prima facie case for divorce based on the ground of cruel and inhuman treatment. In a judgment dated May 17, 2006 the Supreme Court, among other things, dismissed that cause of action with prejudice. However, neither the judgment nor the decision upon which it was based addressed the additional claim of constructive abandonment. Thereafter, the wife moved for leave to reargue and for a judgment of divorce on the additional ground of constructive abandonment. In an order dated November 27, 2006, made upon reargument, the court adhered to the original determination and denied that branch of the wife's motion which was for a judgment of divorce on the ground of constructive abandonment. This appeal ensued.

In order to be entitled to a divorce based on cruel and inhuman treatment the plaintiff must show that the defendant's conduct "so endangers the physical or mental well being of the plaintiff as [to] render[ ] it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]; *Cauthers v Cauthers*, 32 AD3d 880 [2006]; *Pfoltzer v Morris-Pfoltzer*, 9 AD3d 615, 616 [2004]). In order to constitute cruel and inhuman treatment, the misconduct must be "serious," and something more than "mere incompatibility" must be shown (*Brady v Brady*, 64 NY2d 339, 343 [1985]). A "showing of irreconcilable or irremedial differences is insufficient by itself" (*Tsakis v Tsakis*, 110 AD2d 763, 764 [1985]), as is a showing that the marriage is "dead" (*Brady v Brady*, 64 NY2d at 346). It is not enough for the plaintiff to show that the defendant engaged in only "[r]eprehensible and highly offensive behavior" (*Gross v Gross*, 40 AD3d 448 [2007]). However, the plaintiff is not required to "prove criminal conduct or actual physical or mental injury"; rather, it is sufficient for the plaintiff

to demonstrate a "pattern" of misconduct which includes "verbal abuse" and "physical harassment" (*Ober v Rogers-Ober*, 287 AD2d 282, 282 [2001]). The trial court has broad discretion as to whether to grant a cruelty divorce (*see Brady v Brady*, 64 NY2d at 345), and its determination should not be lightly overturned (*see Freas v Freas*, 33 AD3d 1069 [2006]). Here, the most violent act the wife can point to is the husband throwing whiskey in her face. The wife's testimony regarding the husband's disinterest in sexual intercourse and refusal to speak to her for periods of time demonstrates only that the marriage was "dead," which was insufficient to establish entitlement to a divorce on the ground of cruel and inhuman treatment (*see Tissot v Tissot*, 243 AD2d 462, 463 [1997]; *Meier v Meier*, 156 AD2d 348, 350 [1989]).

" '[T]o establish a cause of action for a divorce on the ground of constructive abandonment, the spouse who claims to have been constructively abandoned must prove that the abandoning spouse unjustifiably refused to fulfill the basic obligations arising from the marriage contract and that the abandonment continued for at least one year' " (*Silver v Silver*, 253 AD2d 756, 757 [1998], quoting *Lyons v Lyons*, 187 AD2d 415, 416 [1992]). In order to rise to the level of constructive abandonment, the refusal must be "unjustified, willful, and continued, despite *repeated* requests from the other spouse for resumption of cohabitation" (*Caprise v Caprise*, 143 AD2d 968, 970 [1988] [internal quotation marks and citation omitted]). Evidence that a party refused sexual relations for the required period and that the refusal was willful, continued, and unjustified would be sufficient (*see Ostriker v Ostriker*, 203 AD2d 343, 344-345 [1994]; *Gunn v Gunn*, 143 AD2d 393 [1988]; *Benarroch v Benarroch*, 55 AD2d 943 [1977]). Here, the Supreme Court properly found that the wife failed to establish a prima facie case for divorce based on the ground of constructive abandonment, because she failed to present any evidence that the husband's refusal to engage in sexual intercourse lasted for "at least one year" (*Silver v Silver*, 253 AD2d at 757).

The wife's remaining contention is without merit. Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.