■ DEBBI EHRMAN, Appellant, v ROBERT EHRMAN, Respondent. [889 NYS2d 652]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated May 23, 2008, which granted the defendant husband's motion, in effect, pursuant to CPLR 4404 (b) to set aside so much of a decision of the same court dated January 8, 2008, as, after a nonjury trial, awarded her a divorce based on cruel and inhuman treatment, and, upon setting aside that decision, directed dismissal of that cause of action.

Ordered that the order is affirmed, with costs.

Under the circumstances herein, the husband's motion, improperly denominated a motion for leave to reargue, was, in effect, a motion to set aside, in part, the Supreme Court's trial decision pursuant to CPLR 4404 (b) (*see Tarone v Tarone,* 59 AD3d 434 [2009]). The Supreme Court did not improvidently exercise its discretion in effectively extending the time for that motion, since the circumstances demonstrated good cause for the brief delay (*see* CPLR 4405, 2004; *Johnson v Suffolk County Police Dept.,* 245 AD2d 340 [1997]; *cf. Brzozowy v ELRAC, Inc.,* 39 AD3d 451, 453 [2007]).

The Supreme Court properly granted the defendant's post-trial motion upon determining that the plaintiff failed to establish grounds for divorce based on cruel and inhuman treatment. To obtain a divorce on the ground of cruel and inhuman treatment, a plaintiff must show conduct of the defendant spouse which "so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). When the marriage is one of long duration, as here, a high degree of proof of cruel and inhuman treatment is required (*see Biegeleisen v Biegeleisen,* 253 AD2d 474 [1998]; *Palin v Palin,* 213 AD2d 707 [1995]). Here, the Supreme Court did not err in finding that the plaintiff failed to establish facts which would satisfy the high degree of proof of cruel and inhuman treatment required when the marriage is one of long duration (*see Gulati v Gulati,* 50 AD3d 1095, 1096 [2008]; *Justin v Justin,* 47 AD3d 615 [2008]; *Cauthers v Cauthers,* 32 AD3d 880 [2006]; *Archibald v Archibald,* 15 AD3d 431 [2005]; *Davey v Davey,* 293 AD2d 444, 445 [2002]). It is not sufficient that the plaintiff could show facts which would tend to demonstrate that, in their 20-year marriage, there was "mere incompatibility" (*Brady v Brady,* 64 NY2d 339, 343 [1985]); there were "irreconcilable or irremedial differences" (*Tsakis v Tsakis,* 110 AD2d 763, 764 [1985]; *see Gulati v Gulati,* 50 AD3d 1095 [2008]); the marriage was "dead" (*Brady v Brady,* 64 NY2d at 346); or the defendant engaged in "[r]eprehensible and highly offensive behavior" (*Gross v Gross,*

40 AD3d 448, 449 [2007]), in the absence of proof that such behavior rendered it unsafe or improper for her to cohabit with the defendant (*see* Domestic Relations Law § 170 [1]; *Cauthers v Cauthers,* 32 AD3d 880 [2006]).

The plaintiff's remaining contention is not properly before this Court, since it challenges a ruling that was not embodied in the order appealed from (*see Sullivan v Our Lady of Consolation Geriatric Care Ctr.,* 60 AD3d 663 [2009]; *Kiersh v Kiersh,* 222 AD2d 411 [1995]). Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.