■ TOM WINTER ASSOCIATES, INC., Respondent, v DAVID N. SAWYER et al., Appellants, et al., Defendants. [898 NYS2d 480]—In an action, inter alia, to recover damages for breach of contract and to foreclose a mechanic's lien, the defendants David N. Sawyer and Amanda Hilton Sawyer appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated February 26, 2009, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them and to vacate the mechanic's lien.

Ordered that the order is affirmed, with costs.

"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the pleading is to be afforded a liberal construction" (*Kempf v*

*Magida*, 37 AD3d 763, 764 [2007]). The court must accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine whether the facts as alleged fit within any cognizable legal theory (*see Arnav Indus., Inc. Retirement Trust v Brown, Raysman, Millstein, Felder & Steiner*, 96 NY2d 300, 303 [2001]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Nelson v Roth*, 69 AD3d 912 [2010]). "In assessing a motion under CPLR 3211 (a) (7) . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Leon v Martinez*, 84 NY2d at 88; *see Uzzle v Nunzie Ct. Homeowners Assn., Inc.*, 70 AD3d 928, 930 [2010]; *Wilner v Allstate Ins. Co.*, 71 AD3d 155 [2010]).

The Supreme Court properly denied the motion of the defendants David N. Sawyer and Amanda Hilton Sawyer (hereinafter together the appellants) pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them and to vacate a mechanic's lien. Affording the complaint a liberal construction and according the plaintiff every favorable inference, the complaint states causes of action to recover damages for breach of contract and unjust enrichment, and to foreclose a mechanic's lien. Contrary to the appellants' contention, the complaint and the affidavits submitted by the plaintiff to remedy any defects in the complaint did not demonstrate that the plaintiff was engaged in the unlicensed practice of architecture (*see* Education Law § 6512 [1]; §§ 7301, 7302; *cf. Charlebois v Weller Assoc.*, 72 NY2d 587 [1988]; *SKR Design Group v Yonehama, Inc.*, 230 AD2d 533 [1997]).

The appellants' remaining contentions are without merit. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.