■ SHAILAJA SARVA, Respondent, v SELF HELP COMMUNITY SERVICES, INC., Defendant, and DEPARTMENT OF SOCIAL SERVICES OF CITY OF NEW YORK, Appellant. [903 NYS2d 77]—In an action to recover damages for the alleged taking of private property for public use without just compensation, the defendant Department of Social Services of the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), entered September 17, 2009, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the pleading is to be afforded a liberal construction (*see Kempf v Magida*, 37 AD3d 763, 764 [2007]). The court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine whether the facts as

alleged fit within any cognizable legal theory (*see Tom Winter Assoc., Inc. v Sawyer*, 72 AD3d 803 [2010]).

Here, the Supreme Court, in accordance with this standard, properly denied the appellant's motion to dismiss the amended complaint insofar as asserted against it. Affording the plaintiff a liberal construction of her pleading, as well as every favorable inference, we find that the amended complaint states a cause of action for the taking of her property for public use without just compensation.

Contrary to the appellant's contention, neither *Matter of Serafin M.* (17 AD3d 596 [2005]) nor *Matter of Stephen B.* (17 AD3d 584 [2005]) calls for a different result here. In those two cases, the property owners did not identify any statutory, contractual, or other basis for their claims. Thus, the issue of whether there had been a taking of their property without just compensation was not litigated. Here, in contrast, the plaintiff's amended complaint explicitly alleges a constitutional basis for her claim. Rivera, J.P., Florio, Miller and Austin, JJ., concur.