■ DIXIE MEHL, Respondent-Appellant, v LEON MEHL, SR., Appellant-Respondent. [915 NYS2d 130]—

In an action for a divorce, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Ritter, J.), dated February 8, 2010, as denied his motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and determined that the complaint stated a cause of action for judicial separation on the ground of nonsupport, and the plaintiff cross-appeals from so much of the same order as, in effect, determined that the complaint failed to state a cause of action for a divorce on the ground of cruel and inhuman treatment.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The parties have been married for more than 44 years. In 2007, the plaintiff commenced an action for a divorce and ancillary relief based on the grounds of cruel and inhuman treatment and constructive abandonment. Upon the defendant's motion pursuant to CPLR 3211 (a) (7), the complaint in that action was ultimately dismissed (*see Mehl v Mehl*, 59 AD3d 402 [2009]).

In 2009, the plaintiff commenced this action for a divorce. In this new action, the plaintiff only sought a divorce on the ground of cruel and inhuman treatment. The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action, arguing that the allegations were insufficient to state a cause of action for divorce on the ground of cruel and inhuman treatment. The Supreme Court determined that the complaint was, in fact, insufficient to state a cause of action on that ground. However, the Supreme Court determined that the plaintiff had stated a cause of action for judicial separation on the ground of nonsupport.

The defendant appeals from so much of the order as denied his motion and determined that the complaint stated a cause of action for judicial separation on the ground of nonsupport. The plaintiff cross-appeals from so much of the same order as determined that the complaint failed to state a cause of action for divorce on the ground of cruel and inhuman treatment. We reverse the order insofar as appealed from and affirm the order insofar as cross-appealed from.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the pleading is to be afforded a liberal construction (*see Kempf v Magida*, 37 AD3d 763, 764 [2007]). The court must accept the facts as alleged in

the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Sarva v Self Help Community Servs., Inc.*, 73 AD3d 1155, 1155-1156 [2010]; *Tom Winter Assoc., Inc. v Sawyer*, 72 AD3d 803, 804 [2010]).

Here, in accordance with this standard, the Supreme Court properly determined that the complaint failed to state a cause of action for a divorce on the ground of cruel and inhuman treatment (*see Breen v Breen*, 272 AD2d 425, 426 [2000]). To obtain a divorce on the ground of cruel and inhuman treatment, a plaintiff must demonstrate conduct of the defendant spouse which "so endangers the physical or mental well being of the plaintiff as renders it unsafe or improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]; *see Brady v Brady*, 64 NY2d 339, 343 [1985]; *Ehrman v Ehrman*, 67 AD3d 955, 956 [2009]). Where, as here, the marriage is one of long duration, a high degree of proof of cruel and inhuman treatment is required (*see Ehrman v Ehrman*, 67 AD3d at 956). "It is not sufficient that the plaintiff could show facts which would tend to demonstrate that, in their [44]-year marriage, there was mere incompatibility; there were irreconcilable or irremedial differences; the marriage was dead; or the defendant engaged in reprehensible and highly offensive behavior, in the absence of proof that such behavior rendered it unsafe or improper for her to cohabit with the defendant" (*id.* at 956-957 [internal quotation marks and citations omitted]; *see Brady v Brady*, 64 NY2d at 343; *Gulati v Gulati*, 50 AD3d 1095, 1096 [2008]). Indeed, this Court has held that the party seeking a divorce on this ground must show "serious misconduct" (*Cauthers v Cauthers*, 32 AD3d 880, 880 [2006]). Accepting as true the allegations of the complaint, a cause of action seeking a divorce on the ground of cruel and inhuman treatment was not stated.

Contrary to the Supreme Court's determination, the complaint does not state a cause of action for judicial separation on the ground of nonsupport (*see generally* Domestic Relations Law § 200 [3]; 47A NY Jur 2d, Domestic Relations § 2050). In the complaint, the plaintiff only sought a judgment of divorce. Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.