Matter of Mozelle W. (2018 NY Slip Op 08316)





Matter of Mozelle W.


2018 NY Slip Op 08316


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-10300
 (Index No. 15091/15)

[*1]In the Matter of Mozelle W. (Anonymous).
Steven Banks, etc., petitioner-respondent; 195 St., LLC, nonparty-appellant.


Curtis Hager (Neil R. Finkston, Great Neck, NY, of counsel), for nonparty-appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Claude S. Platton and Benjamin Welikson of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, the nonparty 195 St., LLC, appeals from an order of the Supreme Court, Queens County (Lee A. Mayersohn, J.), entered June 29, 2016. The order denied the motion of the nonparty 195 St., LLC, to direct the Department of Social Services of the City of New York to pay to nonparty 195 St., LLC, Mozelle W.'s rent arrears and use and occupancy.
ORDERED that the order is affirmed, with costs.
Acting pursuant to his authority under Mental Hygiene Law § 81.06(a)(6), the petitioner, the Commissioner of Social Services of the City of New York (hereinafter the Commissioner), moved for the appointment of a guardian for the person and property of Mozelle W., who was facing eviction proceedings. Accordingly, as part of his application, the Commissioner obtained a temporary restraining order on December 22, 2015, prohibiting Mozelle W.'s landlord, the nonparty-appellant, 195 St., LLC (hereinafter 195 St.), from proceeding with the eviction proceedings for 60 days following the guardian's qualification. In an order dated March 23, 2016, the Supreme Court, inter alia, continued the temporary guardianship and enjoined 195 St. from proceeding with the eviction proceedings for 90 days following the guardianship hearing. 195 St. then moved to direct the Department of Social Services (hereinafter the DSS) to pay it the sum of $38,303.20 in rental arrears and "use and occupancy" from May 1, 2014, through April 1, 2016. The court denied the motion, and 195 St. appeals. We affirm.
There must be a legal obligation on the part of the municipality, either statutory or contractual, before public funds may be paid to individuals (see Matter of Antonopoulou v Beame, 32 NY2d 126). In this case, no statutory or contractual provision was identified requiring the DSS to pay Mozelle W.'s rent arrears or use and occupancy (see Matter of Serafin M., 17 AD3d 596, 597; Matter of Stephen B., 17 AD3d 584). Accordingly, we agree with the Supreme Court's denial of 195 St.'s motion.
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court